UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle,<br><br>      Plaintiff,<br><br>vs.<br><br>Meghan Markle,<br><br>      Defendant. | Case No. 8:22-cv-00511-CEH-TGW |

**DECLARATION OF MICHAEL J. KUMP, ESQ. IN SUPPORT OF DEFENDANT'S LOCAL RULE 3.01(G)(3) CERTIFICATION OF UNAVAILABILITY IN CONNECTION WITH MOTION TO DISMISS**

I, Michael J. Kump, declare:

1. I am an attorney duly admitted to practice in California. (Concurrently with this Motion, I am filing a motion to be admitted *pro hac vice*.) I am a partner with Kinsella Weitzman Iser Kump Holley LLP, attorneys of record for Defendant Meghan, The Duchess of Sussex ("Meghan"), sued as "Meghan Markle." If called as a witness, I could and would competently testify under oath to all facts within my personal knowledge.

2. Based upon the Waiver of Service form executed by me on March 16, 2022, and filed by Plaintiff on March 22, 2021 (Doc. 7), Defendant's response to the Complaint (Doc. 1) is due on May 16, 2022.

3. In compliance with Local Rule 3.01(g)(1), on May 4, 2022, I telephoned Plaintiff's counsel, Douglas Kahle, Esq. of the law firm Schwed Kahle

Kress PA. I informed Mr. Kahle that on May 16, Defendant would be filing a motion to dismiss Plaintiff's Complaint (Doc. 1) pursuant to Fed.R.Civ.P. 12(b)(6) and seeking attorneys' fees pursuant to Fla. Stat. § 768.295, and that I and two of my colleagues would also be filing *pro hac vice* motions for special admission to represent Defendant in this action.

3. In light of Local Rule 3.01(g)(1)—which requires that prior to the filing of most motions (including motions to dismiss), "the movant must confer with the opposing party in a good faith effort to resolve the motion"—I asked Mr. Kahle to schedule a telephone conference to confer on this motions.

4. Mr. Kahle informed me during our call on May 4 that in light of his law firm's pending motion to withdraw as Plaintiff's counsel filed on April 25, 2022 (Doc. 12), he and his firm could not engage in the conference required by Local Rule 3.01(g)(1).

5. On May 6, 2022, Mr. Kahle forwarded to me an email he had received from Taylor Young, Esq. of The Ticktin Law Group, stating that her firm had been retained to represent Plaintiff in this action. Attached as **Exhibit 1** is a true and correct copy of Mr. Kahle's email sent to me on May 6, 2022.

6. On May 6, 2022, after receiving Mr. Kahle's email, I sent an email to attorney Taylor Young, Esq. (copying Mr. Kahle), asking Ms. Young to schedule a time for the LR 3.01(g)(1) conference prior to Defendant's filing deadline of May 16. Attached as **Exhibit 2** is a true and correct copy of my email sent to Taylor Young, Esq. on May 6, 2022.

7. On May 9, 2022, Ms. Young responded to my email, confirming that her firm has been retained to represent Plaintiff in this action. She said that because Mr. Kahle's motion to withdraw was still pending, her firm needed to wait until the Court issued an order before scheduling the LR 3.01(g)(1) conference. She also represented that "[w]e plan on filing a Motion for Substitution today to speed up the process." (Exh. 2.)

8. On May 11, 2022, when I had not heard anything further from Ms. Young and her law firm had not filed a Motion for Substitution, I sent a follow-up email to her, stating that in light of Defendant's May 16 deadline, "I'm checking back with you regarding scheduling a conference in connection with Defendant's motion to dismiss. Please let me know." (Exh. 2.)

9. As of the date of this filing, I have not received a response to my May 11 email. Pursuant to LR 3.01(g)(3), I will try diligently the next three days to contact Ms. Young.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of May, 2022, at Santa Monica, California.

_____
Michael J. Kump

780144