IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-00511-CEH-TGW

SAMANTHA M. MARKLE,

        Plaintiff,
v.

MEGHAN MARKLE,

        Defendant.
_____/

**PLAINTIFF'S OBJECTION AND RESPONSE IN OPPOSITION TO
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF HER MOTION TO DISMISS**

      The Plaintiff, SAMANTHA M. MARKLE hereby files this, her Objection and Response in Opposition to the Defendant's Request for Judicial Notice in support of her Motion to Dismiss and in support states as follows:

      1.   This case involves a two-count action for Defamation and Defamation by Implication brought by Samantha Markle against her half-sister, Meghan Markle.

      2.   The Defendant, Meghan Markle, the Duchess of Sussex, filed her Request for Judicial Notice on May 13, 2022.

3. In her Request for Judicial Notice, the Defendant requested this Court take judicial notice for the purposes of her Motion to Dismiss the following documents:

    a. One book (*Finding Freedom*)
    b. Two New Mexico state court dockets involving the Plaintiff
    c. Three facts:
       i. The dates of The Duchess's time on the television show *Deal Or No Deal*
      ii. The date of Prince Harry's announcement that the two were dating
     iii. Plaintiff's admissions on a television with *Good Morning Britain* (available on YouTube).

4. This Court should deny judicial notice as to all of the Defendant's requests for judicial notice. The bases for denial of the Defendant's requests are set forth below.

## MEMORANDUM OF LAW

5. "Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure". *Khoja v. Orexigen Therapeutics, Inc,* 899 F. 3d 988 (9th Cir. 2018).

6. "Usually when matters outside the pleadings are presented to, and not excluded by the court, a 12(b)(6) motion converts into a motion for summary judgment under Rule 56". *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

7. In this case, at bar, the Defendant is attempting to use outside evidence in support of her Motion to Dismiss. This turns the matter into a case regarding the merits and factual basis of the Plaintiff's complaint, and not whether the Plaintiff has stated a valid cause of action, in order to proceed with her case.

8. As prior Courts have held, "while a court may assume a document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6), it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute the facts stated in a well-pleaded complaint." *Sgro v. Danone Waters of N. Am., Inc.,* 532 F.3d 940, 942, n.1 (9th Cir. 2008).

9. As such, the attempt to judicially notice the outside evidence, to be used in the Court's determination of the Defendant's Motion to Dismiss, should be denied, it in its entirety.

10. However, in an abundance of caution, in the event that the Court should allow the Defendant to use judicially noticed documents in support of her Motion to Dismiss, the specific documents should not be allowed, for the various reasons stated, below.

### I. *Finding Freedom*

11.   The Defendant requests this Court take judicial notice of the entire book "*Finding Freedom*", which contains a total of 368 pages. This request should be denied in its entirety.

12.   In the Plaintiff's Complaint, she states in Paragraph 1, the following, "Defendant also published and disseminated false and malicious statements about the Plaintiff in a New York Times best-selling book, *Finding Freedom*."

13.   The Plaintiff references the book *Finding Freedom* in her Complaint, *and* focuses on one specific chapter, Chapter 12, entitled "A Problem like Samantha."

14.   In this matter, the Defendant seeks to have the Court take judicial notice of all 368 pages of *Finding Freedom.* The Defendant vaguely references *Finding Freedom,* without providing any necessary information or specific details, including what specific sections or paragraphs of the book she is intending to use in support of her Motion to Dismiss. This is contrary to Rule 201, which requires that the Court be provide the necessary information.

15.   Admittedly, the books verbiage or prose is at issue in the case, and if this was a Motion for Summary Judgment, and the Defendant was able to show parts of the book, or the contents or verbiage of the book,

itself, which fly in the face of the Plaintiff's assertions, then it may be relevant. However, at the Motion to Dismiss stage, the Court only needs to look at the well-pled allegations of the Complaint, as to what was published in the book, and must accept as true those purported statements in the book.

16. Moreover, the allegation in the Complaint is that the Defendant defamed the Plaintiff, by intentionally planting false information into a book, which was to be written about the subject Defendants' life and career. The dissemination of the false statements, and their publishing to third parties was ultimately accomplished. As alleged in the Complaint, the Defendant instructed her public relations representative to include false information into the book. Based on those instructions, the false information, as alleged, ultimately ended up in the book.

17. This dissemination caused false information about the Plaintiff, to be read and believed by millions of people, across the globe.

18. Therefore, the Defendant made false statements regarding the Plaintiff, which the Defendant sought to be put into the book, and which ultimately ended up in the book.

19. As such the request for judicial notice as to the book, *Finding Freedom*, should be denied, and not considered in the Court's ruling on the Motion to Dismiss. In the event that the Defendant wishes to later

take judicial notice of the contents of the book, the Defendant should be required to specifically state what sections of the book, that the Defendant seeks to take judicial notice.

## II. *State Court Dockets*

20. The Defendant also requests this Court take judicial notice of the state court docket in (1) Case Number D-202-DM-200304974 and (2) Case No. D-202-CV-201605774.

21. This court should also deny the request for judicial notice as to the two court dockets.

22. Although, the Defendant is correct in that the court <u>may</u> take judicial notice of "online court dockets" and "state court docket sheets," the Defendant provides no reasons, justification, support, or evidence as to why this Court should take judicial notice.

23. The Plaintiff is also unaware if the Defendant seeks to request judicial notice as to the substance and conclusions of the documents, or the mere showing that documents were filed.

24. Although a court may take judicial notice of documents filed in other courts, the court may not do so for the truth of the matters asserted in the other litigation and may only take judicial notice to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

25. "A court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the other order represents or the subject matter of the litigation." *Id.*

26. In Florida, documents from other legal actions are not admissible *simply because* they are part of a court file somewhere. *BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874 (Fla. 3d DCA 2010).

27. Moreover, the court's authority to take judicial notice of records cannot be used to justify the wholesale admission of hearsay statements within those court files. *Stoll v. State,* 762 So.2d 870, 876 (Fla.2000)

28. Should the Plaintiff request this Court take judicial notice of the substance of the documents in the court docket filed within the two cases, this undoubtedly falls outside the scope of Rule 201 of the Federal Rules of Evidence.  Fed. R. Evid. 201(b).

29. As such this Court should deny the Defendant's Request for Judicial Notice for the docket in Case Number D-202-DM-200304974 and Case No. D-202-CV-201605774.

### III.   *IMDB and Reuters Publication*

30. The Defendant next requests that this Court take judicial notice that the Defendant appeared on the game show *Deal or no Deal* in

2007 as reflected by the Internet Movie Database (hereinafter referred to as "IMDB").  This request should be denied.

31.    The IMDB information on the date of which Defendant appeared on *Deal or No Deal* cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  Any registered and logged user of IMDB can submit new material and suggest edits to existing entries.

32.    Moreover, the fact that IMDB lists the *Deal or No Deal* appearance as 2007 does not mean that the fact is "generally known" simply because it appears online.  *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999).

33.    In general, non-governmental websites are not proper subjects of judicial notice. *Gaza v. LTD Fin. Servs., L.P.*, No. 8:14-cv-1012-T-30JSS, 2015 WL 5009741, at 2 (M.D. Fla. Aug. 24, 2015) (citing *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014).

34.    "Web-sites are not self-authenticating." *Nationwide Mut. Fire Ins. Co. v. Darragh*, 95 So. 3d 897, 900 (Fla. 5th DCA 2012) (quoting *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-CV-223-T-MSS, 2006 U.S. Dist. LEXIS 28873, 2006 WL 1320242 (M.D. Fla. May 12, 2006).

35.    Additionally, Courts have also generally been unwilling to accept websites like Wikipedia as a source for facts to be judicially noticed,

most often giving the reason that Internet sources like Wikipedia are not consistently reliable. *Gonzales v. Unum Life Ins. Co. of Am.*, 861 F. Supp. 2d 1099, 1104 n.4 (S.D. Cal. 2012).

36. Moreover, the Plaintiff is not sure how the contents of the gameshow, have any bearing on the determination of the Motion to Dismiss, and strongly opposed its inclusion in the Court's determination. The Plaintiff has not had the ability to take depositions, or conduct discovery, and would be unfairly prejudiced, with this supposed evidence being used, without the opportunity to refute any negative implications, if any.

37. As such, judicial notice of the IMDB website is improper in this instance and should be denied.

38. The Plaintiff also requests this court to take judicial notice of a Reuters publication entitled *TEXT-Prince Harry's statement on media "harassment" of new girlfriend*.

39. For the reasons stated above, this Court should also deny judicial notice for this request.

40. Undoubtedly, the information contained within the third-party website, Reuters, is not capable of accurate and ready determination. The source of the information can reasonably be questioned.

41. Moreover, the Defendant may not use judicial notice as a substitute to overcome the evidentiary objections lodged within Rule 801 of the Federal Rules of Evidence. Fed. R. Evid. 801.

42. Lastly, the Plaintiff is unaware of how the article is being used to attempt to cause a dismissal of the Plaintiff's Complaint. Moreover, the Plaintiff has not had the opportunity to conduct discovery on any of the statements or content contained the article.

### IV. *Television Interview*

43. For its final request for judicial notice, the Defendant requests for this Court to take judicial notice of the Plaintiff television interview with *Good Morning Britain* and includes a YouTube link from May 15, 2018.

44. The Defendant seeks this Court to take judicial notice of the interview. It does not overcome the evidentiary objections stated in Rule 801 of the Federal Rules of Evidence. Fed. R. Evid. 801.

45. The practice of taking judicial notice of adjudicative facts should be exercised with great caution" because "the taking of evidence, subject to established safeguards, is the best way to resolve disputes concerning adjudicative facts" and judicially noticed matters are taken as true without being offered by the party who will ultimately benefit," *Maradie v. Maradie* 680 So. 2d 538, 541 (Fla 1st DCA 1996).

46. It is clear that the quotations referenced by Defendant in subsection (3) of her Request for Judicial Notice are subject to reasonable dispute. This is illustrated throughout the Plaintiff's Complaint filed on March 3, 2022.

47. Thus, the request for judicial notice as to the YouTube link for Plaintiff's television interview with *Good Morning Britain* should also be denied.

48. Lastly, the information goes outside of the purviews of a Motion to Dismiss, and the Plaintiff has not had the opportunity to conduct any discovery as to the subject television interview.

## CONCLUSION

49. In the instant case, the Defendant is attempting to have the Court take judicial notice of certain facts that are contained with the documents themselves, which is an inappropriate use of Judicial Notice.

50. Moreover, the evidence sought to be used, falls outside of the Court's determination on the Motion to Dismiss, and whether the Plaintiff has stated a valid cause of action for defamation and defamation by implication.

51. As such, this Court should deny the Defendant's request for judicial notice as to (a) *Finding Freedom*, (b) two New Mexico state court dockets involving Plaintiff; and (c) three facts; the dates of The Duchess's

time on the television show *Deal Or No Deal*, the date of Prince Harry's announcement that the two were dating, and Plaintiff's statements on a television interview with *Good Morning Britain* on YouTube

WHEREFORE, the Plaintiff, SAMANTHA M. MARKLE respectfully request this Court deny the Defendant's Request for Judicial Notice and provide any further and just relief this Court may deem necessary and proper.

---

**DESIGNATION OF EMAIL ADDRESSES FOR SERVICE**
(Pursuant to Rule 2.516 Fla. R. Jud. Admin.)

The undersigned attorneys of The Ticktin Law Group hereby designate the following Email Addresses for service in the above styled matter. Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed.
**Serv549@LegalBrains.com; Serv513@LegalBrains.com;
Serv512@LegalBrains.com**
**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties registered to receive service via CM/ECF this **26th day of May 2022**, including **MICHAEL J. KUMP, ESQUIRE**, mkump@kwikhlaw.com, Kinsella Weitzman Iser Kump Holley LLP, Attorneys for the Defendant, 808 Wilshire Boulevard, 3rd Floor, Santa Monica, CA 90401, and **DOUGLAS A. KAHLE,** dkahle@schwedspa.com, Schwed Kahle & Kress P.A., 11410 North Jog Road, Suite 100, Palm Beach Gardens, FL 33418.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757


_/s/ *Jamie Alan Sasson*_____
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
PETER TICKTIN
Florida Bar No. 887935
TAYLOR E. YOUNG
Florida Bar No. 1031760