# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Samantha M. Markle,

    Plaintiff,

vs.

Meghan Markle,

    Defendant.

Case No. 8:22-cv-00511-CEH-TGW

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Meghan, The Duchess of Sussex ("Meghan") has concurrently moved to dismiss Plaintiff's First Amended Complaint ("FAC"; Dkt. 31) under Federal Rule of Civil Procedure 12(b)(6). In connection with the Motion, Meghan requests that the Court take judicial notice of (a) one chapter from one book (i.e., chapter 12 from *Finding Freedom*, by Omid Scobie and Carolyn Durand); (b) two New Mexico state court dockets involving Plaintiff; and (c) two facts (the date of Prince Harry's announcement that he was dating Meghan, and Plaintiff's admissions on a television interview with *Good Morning Britain* available on YouTube). The bases for Meghan's requests are set forth below.

I.  **ARGUMENT**

   A.  **Chapter 12 From the Book.**

   First, the Court may consider a document submitted with a motion to dismiss if its "contents are alleged in a complaint and no party questions those contents … provided it meets the centrality requirement." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see, e.g.*, *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) ("The 'publication' at issue here is the entire book, which was properly before the court on the motion to dismiss because [plaintiff] referred to it in her complaint and it is central to her claims.").

   Here, the book *Finding Freedom*—and, in particular, chapter 12 thereof—is referenced so extensively by the FAC (*see* Dkt. 31 ¶¶ 20-31) that it is properly considered as within the pleading. Meghan therefore requests, at a minimum, that the Court take judicial notice of Chapter 12, a true and correct copy of which is attached hereto as **Exhibit 1**.[1]

   B.  **Two State Court Dockets.**

   Second, Rule 201(b) of the Federal Rules of Evidence provides that a court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is

---

[1] A complete copy of *Finding Freedom* will be lodged with the Court upon request. For example, Plaintiff denies that she has ever "contacted The Sun regarding the Duchess" or that she was ever "paid anything from the Sun, least 'handsomely.'" (Dkt. 31 ¶ 27.) Given the book's claim that her father Thomas "set up a few candid-seeming shots around town … [w]ith some encouragement from his other daughter, Samantha, who managed to get a cut of the deal in the process" (RJN Ex. 1 p. 192), the Court may wish to consider other chapters of the book discussing Thomas's other dealings with the tabloids. (*See, e.g.*, pp. 231-232 [discussing two interviews he gave to The Sun].)

either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In so doing, it does not "convert[] a motion to dismiss into a motion for summary judgment." *Krauser v. Evollution IP Holdings, Inc.*, 975 F. Supp. 2d 1247, 1251 (S.D. Fla. 2013). Relevant here, Rule 201 permits courts to take judicial notice of "online state court dockets" and "state court docket sheets." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020).

Meghan thus requests that the Court take judicial notice of: (1) the state court docket from *Scott Rasmussen v. Samantha M Rasmussen*, No. D-202-DM-200304974 (N.M. Dist. Ct. filed Dec. 2, 2003) (a true and correct copy of which is attached hereto as **Exhibit 2**); and (2) the state court docket from *Samantha Rasmussen v. Winrock Partners LLC et al*, No. D-202-CV-201605774 (N.M. Dist. Ct. filed Sept. 20, 2016) (a true and correct copy of which is attached hereto as **Exhibit 3**). These dockets are highly relevant to Plaintiff's denial that "she changed her surname to 'Markle' after the Duchess started dating Prince Harry …." (Dkt. 31 ¶¶ 33-34.) In particular, they demonstrate that, 12 years after her divorce was entered (**Ex. 2**), and mere months before Meghan started dating her now-husband (*see infra*), Plaintiff was still using her former married name in legal proceedings *she* initiated (**Ex. 3**), not her birth name "Markle."

## C. Judicial Notice of Two Additional Facts.

Third, and relatedly, courts in this Circuit have noted that "the massive and relentless flood of reports from dozens of respected media outlets renders [a] fact[] … 'not subject to reasonable dispute' within the meaning of Federal Rule of Evidence 201(b). *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1360 n.13 (S.D. Ala. 2002); *accord Shahar v. Bowers*, 120 F.3d 211, 214 n.5 (11th Cir. 1997) (denying judicial notice request to accept a fact, rather than to just note that the media had *reported* it). Here, Meghan requests that the Court take notice of the ubiquitous reports in November 2016 that she was in a relationship with Prince Harry, as reported by Reuters, *The New York Times*, *The Washington Post*, and *USA Today*.[2] That this was widely rumored cannot be reasonably disputed.

Fourth, the Court may take notice of a plaintiff's "own admissions" in material that is subject to judicial notice, *see Nix.*, 2018 WL 8802885 at *6, including interviews whose authenticity is not challenged, *see, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d

---

[2] *See TEXT-Prince Harry's statement on media "harassment" of new girlfriend*, located at https://www.reuters.com/article/britain-royals-harry-statement/text-prince-harrys-statement-on-media-harassment-of-new-girlfriend-idUSL8N1D93MU (describing "Meghan Markle" as his "girlfriend"); Steven Erlanger, *Prince Harry Denounces Media Coverage of His Girlfriend, Meghan Markle* (N.Y. Times Nov. 8, 2016), online at https://www.nytimes.com/2016/11/09/world/europe/prince-harry-girlfriend-meghan-markle.html; Karla Adam, *Prince Harry condemns racist and sexist abuse of girlfriend Meghan Markle* (Wash. Post Nov. 8, 2016), online at https://www.washingtonpost.com/news/worldviews/wp/2016/11/08/in-rare-blast-at-british-media-prince-harry-says-his-american-girlfriend-meghan-markle-faces-wave-of-abuse/; Maria Puente, *Does Prince Harry have a new 'girlfriend'?* (USA Today Nov. 2, 2016), online at https://www.usatoday.com/story/life/entertainthis/2016/11/02/does-prince-harry-have-new-girlfriend/93122438/.

1190, 1205 (Jun. 12, 2014) (taking judicial notice of two interviews with defendant's founder, where there was no dispute as to the "accuracy of the quotations"); *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1219 (D. N.M. 2013) (noticing—on a motion to dismiss—a CNBC video interview of unchallenged authenticity).

Here, and contrary to her claim about her dealings with The Sun (or lack thereof) (Dkt. 31 ¶¶ 26-27), Plaintiff has admitted on a television interview with *Good Morning Britain* to being compensated for at least "five or six live interviews" with tabloids since November 2016. *See Samantha Markle Concerned About Her Father Following His Heart Attack*, YouTube (May 15, 2018), online at https://www.youtube.com/watch?v=8iZgP1Oerig&ab_channel=GoodMorningBritain. Absent a dispute about the authenticity of the interview—which, notably, appears on Good Morning Britain's verified[3] YouTube channel—it is not subject to reasonable dispute, either.

## II. CONCLUSION

Because every document or fact that is the subject of the instant Request for Judicial Notice is either generally known within the jurisdiction or "capable of

---

[3] *See* YouTube Help, *Verification badges on channels*, online at https://support.google.com/youtube/answer/3046484?hl=en ("If a channel is verified, it's the official channel of a creator, artist, company, or public figure."); *Nat'l Rifle Ass'n of Am. v. City of Los Angeles*, 441 F. Supp. 3d 915, 934 n.6 (C.D. Cal. 2019) (taking judicial notice of statements via city councilmember's "verified Twitter account"). *Cf. Commodores Ent. Corp. v. McClary*, 822 Fed. App'x 904, 913 (11th Cir. 2020) (noting that "the district court asked McClary's counsel at the summary judgment hearing whether she wanted the court to take judicial notice of the blue checkmark and what it meant," but his counsel demurred because he "didn't know[,] either").

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required under Rule 201(b), Meghan respectfully requests that the Court grant her Request for Judicial Notice in its entirety.

WHEREFORE, Defendant Meghan, The Duchess of Sussex, respectfully requests that this Honorable Court grant the instant Motion and take judicial notice of the documents and information referenced above and for any other relief deemed just and proper.

### III.  LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g)(2), Meghan, The Duchess of Sussex hereby certifies that her counsel and Plaintiff's counsel met and conferred by telephone on June 14, 2022, but could not agree to resolve any part of this motion.

RESPECTFULLY SUBMITTED this 17th day of June, 2022

        KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

*/s/ Michael J. Kump*

**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 17th day of June, 2022.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

783694