# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAMANTHA M. MARKLE,

    Plaintiff,

v.                                                      Case No: 8:22-cv-511-CEH-TGW

MEGHAN MARKLE,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff Samantha M. Markle's Motion to Disqualify Judge Honeywell (Doc. 33). Samantha M. Markle, half-sister of Meghan, the Duchess of Sussex, moves to disqualify the undersigned from presiding over this action. Doc. 33 at 5. The Court will deny the Motion to Disqualify because it lacks merit.

## DISCUSSION

In this action, Samantha Markle sues Meghan, the Duchess of Sussex, for defamation and injurious falsehood.[1] Doc. 31 ¶¶43–72. She now seeks the undersigned's disqualification under 28 U.S.C. § 455(a).[2] Doc. 33 at 5. Under that

---

[1] Samantha Markle names "Meghan Markle" as the defendant in this action. Doc. 31 at 1. Because the parties, as named in the First Amended Complaint, share a surname, the Court will refer to the defendant in this order as "Meghan, the Duchess of Sussex," "Meghan," or "the Duchess" for ease of reference.

[2] Markle erroneously refers to the statute as "28 U.S.C. § 445(a)" in certain portions of the Motion to Disqualify. Doc. 33 at 1–2.

statute, a judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). The test for disqualification under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Samantha Markle seeks disqualification because President Barack Obama appointed the undersigned to serve as a federal judge in 2009. Doc. 33 at 2. She asserts that "there exists a reasonable basis that [the undersigned's] impartiality will be questioned" because President Obama appointed the undersigned and "the Obama family, Prince Harry, and Meghan are 'allies' and strong supporters of one another." *Id.* She also highlights that the Duchess met privately with First Lady Michelle Obama in 2018 and, in 2020, co-chaired a voter-registration drive with the former first lady, whom the Duchess called her "friend." *Id.* at 3 (internal quotation marks omitted). In addition to describing Prince Harry and President Obama as "allies," Markle asserts that Prince Harry visited the former president in the White House, welcomed the former president and former first lady to Kensington Palace, and conducted "an intimate interview" with the former president. *Id.* (internal quotation marks omitted). Finally, she contends that the Duchess and the former president "share the same communications team lead." *Id.*

The Motion to Disqualify lacks merit. Despite arguing that members of the public would entertain a "significant doubt" as to the undersigned's impartiality because "there seems to be an undeniable connection" between the Obamas and the Duchess, Markle concedes that she "is unaware if [the undersigned] has a current relationship with Obama, and how far back the relationship has existed." *Id.* at 4. Of course, a valid recusal request may not lack factual support, nor may a party premise a recusal request upon unsupported or highly tenuous speculation. *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999). As Markle highlights, President Obama appointed the undersigned nearly 13 years ago. But the undersigned has never had any relationship, social or professional, with the Obamas. The undersigned has never spoken with the former president or the former first lady. President Obama's appointment of the undersigned, without more, does not serve as a basis for recusal. *See, e.g.*, *Straw v. United States*, 4 F.4th 1358, 1363 (Fed. Cir. 2021) ("There is no support whatsoever for the contention that a judge can be disqualified based simply on the identity of the President who appointed [her]."); *McKee v. U.S. Dep't of Justice*, 253 F. Supp. 3d 78, 81 (D.D.C. 2017) ("[T]he identity of the President who appointed the judge assigned to a case has no bearing on recusal.").[3]

---

[3] Further, Markle's request for recusal is more attenuated than those cases in which presiding district judges declined motions for their recusal because the presidents who appointed them were parties to the litigation. *See In re Executive Office of the President*, 215 F.3d 25, 25 (D.C. Cir. 2000) (denying recusal request under § 455(a) and Canon 2 of the Code of Conduct for United States Judges where the action "[i]nvolved the conduct of the President who appointed" a presiding circuit court judge); *see also Trump v. Clinton*, ___ F. Supp. 3d ___, 2022 WL 1050620, at *2–3 (S.D. Fla. Apr. 6, 2022) (denying recusal request where First Lady Hillary Clinton was a defendant and President Bill Clinton appointed the presiding district judge).

Because the undersigned has never had any relationship with the Obamas, any relationship, or connection, between the Obamas and the Duchess and Prince Harry does not serve as a basis for the undersigned's recusal. An objective, disinterested, lay observer fully informed of these facts would not entertain significant doubt about the undersigned's impartiality. As such, the Court will deny the Motion to Disqualify.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Disqualify Judge Honeywell (Doc. 33) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 21, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any