# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle, | Case No. 8:22-cv-00511-CEH-TGW |
|     Plaintiff, | |
| vs. | |
| Meghan Markle, | |
|     Defendant. | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rules 3.01(c) and (d), Defendant Meghan, The Duchess of Sussex, sued as "Meghan Markle" (hereafter, "Meghan"), by and through undersigned counsel, respectfully moves this Court for leave to file a reply memorandum in further support of her Motion to Dismiss First Amended Complaint (Doc. 34) and her Request for Judicial Notice (Doc. 35) of no more than 10 pages in length, no later than 10 days after the grant of this Motion.

Under the Local Rules, a party may not file a reply memorandum "unless the Court grants leave." MD. Fla. Local Rule 3.01(c). As this Court has previously recognized, "[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014) (internal quotation omitted).

Here, Plaintiff's Opposition to Defendant's Motion to Dismiss and supporting Affidavit (Docs. 41-42) introduces new factual and legal arguments that, though meritless, do warrant a response.

For example, Plaintiff argues that it is sufficient to assert that "<u>the false information contained in the book [*Finding Freedom*] came from the Duchess herself, through her agent and communications secretary</u>." (Doc. 41 at 2, italics added.) Meghan requests leave to explain why, even assuming the truth of this factual assertion, nothing short of actual authorship satisfies the publication element. A reply will also address why, under *Twombly* and *Iqbal*, the bare assertion that Meghan "had control over what was put in the book" (*id.* at 3-4) is implausible.

1

Plaintiff also argues that a statement about the number of times the parties "'crossed paths … *since they grew up*'" is "one of fact, and not opinion." (*Id.* at 8-9, italics added.) Even if one were to assume that it is, Meghan's reply will establish why the "evidence" Plaintiff postulates[1] does not undermine its substantial truth. Similarly, Plaintiff contends that this statement was defamatory because it harmed her reputation—without citing a single case involving such an innocuous statement. (*Id.* at 9-10.) She also argues that Meghan stating that she grew up as an "only child" is tantamount to calling "Mrs. Markle [ ] a prevaricator who [is] attempting to cash in on the fact that her barely known half-sister married into the royal family"—again without citing a single case addressing the closeness (or lack thereof) of a familial or social relationship. (*Id.* at 10.) Meghan requests leave to respond to both arguments.

With respect to her injurious falsehood claim, Plaintiff appears to contend that the differing *damages* she seeks for defamation (i.e., emotional distress damages) and injurious falsehood (injury to her "trade, business," etc.) precludes application of the single action rule. (*Id.* at 15-16.) Meghan's reply will cite cases to the contrary. Plaintiff also argues that under Rule 8's "liberal pleading requirements," she need not plead special damages, e.g., lost earnings from her book, *The Diary of Princess Pushy's Sister* (*Id.* at 17.) Meghan's reply will explain the interplay between Rules 8(a) and 9(g) ("If an item of special damage is claimed, it must be specifically stated.").

---

[1] Namely, that she "drove the Duchess to school *growing up*, helped her with her *homework*, … lived together *at one* [unspecified] *point*," and saw her at Plaintiff's "college graduation in New Mexico." (*Id.* at 8-9, italics added.)

2

Plaintiff's Objection to Request for Judicial Notice and supporting Affidavit (Docs. 38-39) also calls for a reply. First, Plaintiff asserts that Chapter 12 of *Finding Freedom* is not subject to judicial notice because its contents are "voluminous and … are not 'common knowledge' within the community" (Doc. 38 at 2-3)—without addressing any of the cases holding that the supposedly defamatory material at issue is subject to judicial notice. Second, Plaintiff acknowledges that the Court "may take judicial notice of documents filed in other courts," but professes to be unaware of whether Meghan seeks to "take judicial notice of the substance and conclusions of the documents, or the mere showing that documents were filed." (*Id.* at 4.) Meghan's reply will clarify the purpose of the notice sought, as well as rebut the contention that she must seek judicial notice of the "underlying documents." (*Ibid.*) Third, Plaintiff argues that "non-governmental websites" *such as Wikipedia* "are not proper subjects of judicial notice." (*Id.* at 5-6.) Meghan's reply will address cases involving the nation's newspapers of record, and clarify that she is not citing the articles at issue for the *truth* of when she began dating Prince Harry, only that it was widely reported at the time. Fourth, Plaintiff contends that Plaintiff's statements in an interview with *Good Morning Britain* are "subject to reasonable dispute." (*Id.* at 6-7.) Meghan's reply will address why Plaintiff's own television interview exhibited on a verified YouTube channel is *not* subject to reasonable dispute at all.

WHEREFORE, Meghan respectfully requests that the Court grant her leave to file a 10-page reply memorandum, no later than 10 days after the grant of this Motion, and for any other relief deemed just and proper.

3

**LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g)(2), Meghan, The Duchess of Sussex hereby certifies that the parties met and conferred by telephone, but could not agree to resolve any part of the instant motion.

RESPECTFULLY SUBMITTED this 14th day of July, 2022

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

_/s/ Michael J. Kump_

**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 14th day of July, 2022.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

786875