IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:22-cv-00511-CEH-TGW

SAMANTHA M. MARKLE,

    Plaintiff,

v.

MEGHAN MARKLE,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff, SAMANTHA M. MARKLE, by and through her undersigned attorneys, hereby Responds to this Honorable Court's Order to Show Cause entered on July 6, 2022, and states as follows:

1. The Plaintiff inadvertently failed to file the Case Management Report, within forty days after the Defendant's first appearance in this action, under Local R. M.D. Fla. 3.02(b)(1). However, for the reasons set forth below, the Plaintiff missed the deadline due to inadvertence, which will be displayed in this Motion.

2. The Plaintiff expeditiously, upon receiving the Order to Show Cause, conferred with the Defendant's counsel, and upon agreement of the

parties, filed the Case Management Report on July 13, 2022.

3. On June 25, 2022, the undersigned, Taylor E. Young contracted COVID-19. As such, she was left completely unable to work up until July 2, 2022, and inadvertently missed the deadline.

4. In addition, the Plaintiff's two managing attorneys in this case, Peter E. Ticktin (hereinafter referred to as "Ticktin") and Jamie A. Sasson (hereinafter referred to as "Sasson"), had a miscommunication, in that, both were supervising Ms. Young in this action, and both believed that the other was supervising the filing of the Case Management Report with this Court. Both attorneys did not know that Ms. Young was not filing the document, and due to her health issue, she was unable to file in time, and the managing attorneys did realize they did not need to file it themselves. For the reasons so stated, the Plaintiff missed the deadline under Local R. M.D. Fla. 3.02(b)(1).

5. In *Skinner*, this Court employed a four-factor test to determine whether a party's neglect of a deadline for filing a Case Management Report is excusable. These factors include:

> (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (3) whether the movant acted in good faith.

2

*Skinner,* 2012 U.S. Dist. LEXIS 95040, *9.

6.      This Court further held that "untimely filing caused by inadvertence, mistake, or carelessness may still constitute 'excusable neglect.'" *Skinner v. Legal Advocacy Ctr. Of Cent. Fla., Inc.*, 2012 U.S. Dist. LEXIS 95040, *10 (citing *Yang v. Bullock Fin. Grp., Inc.,* 435 F. App'x 842, 843–44 (11th Cir. 2011) (citing *Adv. Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1324 (11th Cir. 1996)).

7.      In *Yang,* this Court relied on its holding in *Cheney v. Anchor Glass Container Corp.* where it stated "untimely filing was excusable because the movant's two attorneys failed to communicate with each other about who was responsible for filing." *See Yang,* 435 F. App'x at 844 (citing to *Cheney,* 71 F.3d 848, 849 n.2 (11th Cir. 1996)).

8.      This Court should rely on the above referenced precedent to conclude that the prejudice to the Defendant by the delay of filing the Case Management Report is minimal, if there is any prejudice at all.

9.      There is no showing that the Plaintiff's counsel acted in bad faith, as contrasted with negligence, inadvertence, or mistake, and this Court should determine that the untimely filing is excusable because Ticktin and Sasson failed to communicate with each other about who was supervising the filing of the case management report and failed to realize that the case management report was not being filed. Moreover, Ms. Young

3

was diagnosed with COVID-19 from the period of June 25, 2022, to July 2, 2022, and inadvertently missed the deadline.

10. Moreover, upon receiving the Order to Show Cause on July 6, 2022, the Plaintiff expeditiously drafted the Case Management Report on that same day. The Plaintiff's counsel then sent the Case Management Report via email on June 7, 2022, to the Defendant's Counsel, and the two parties arranged a conference call to discuss the Case Management Report.

11. On June 11, 2022, the parties conferred via telephone and with the approval of the Defendant's Counsel, the Case Management Report was finalized and filed with this Court on June 13, 2022.

WHEREFORE, the undersigned attorneys respectfully request this Honorable Court enter an Order denying this Court's Order to Show Cause pursuant to Local Rule 3.10, treat the Order to Show Cause as moot, and for any further and other relief this Court deems just and proper.

> **DESIGNATION OF EMAIL ADDRESSES FOR SERVICE**
> (Pursuant to Rule 2.516 Fla. R. Jud. Admin.)
> The undersigned attorneys of The Ticktin Law Group hereby designate the following Email Addresses for service in the above styled matter. Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed.
> **Serv549@LegalBrains.com; Serv513@LegalBrains.com; Serv512@LegalBrains.com**
> **SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties registered to receive service via CM/ECF this **20th day of July 2022**.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757

_/s/ *Jamie Alan Sasson* _____
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
TAYLOR E. YOUNG, ESQUIRE
Florida Bar No. 1031760