# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle,<br><br>    Plaintiff,<br><br>vs.<br><br>Meghan Markle,<br><br>    Defendant. | Case No. 8:22-cv-00511-CEH-TGW |

# **DEFENDANT'S MOTION TO STAY DISCOVERY**

# **PENDING OUTCOME OF DISPOSITIVE MOTION**

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 3.01 and Civil Discovery Handbook Rule I.E.4, Defendant Meghan, The Duchess of Sussex, sued as "Meghan Markle" (hereafter, "Meghan"), respectfully moves to briefly stay discovery pending disposition of her Motion to Dismiss the First Amended Complaint ("FAC") (ECF No. 34)—a motion which, if granted, will completely dispose of this action. A short stay is necessary because on September 20, Plaintiff stated her intention to commence discovery by deposing the parties' father, Thomas Markle ("Mr. Markle"). (Kump Decl. ISO Mot. to Stay.)

As shown below, district courts in the Eleventh Circuit have wide discretion to stay discovery pending resolution of dispositive motions. The pending Motion to Dismiss is meritorious because (1) most of the statements at issue are not actionable given that Meghan did not make them, and (2) the three statements she did make are non-actionable opinion and substantially true in any event. At bottom, Plaintiff through this case is attempting to adjudicate the legitimacy of Meghan's personal feelings and impressions about her own childhood. As explained in the pending Motion, that is not a subject capable of adjudication by any court.

Good cause exists for the requested stay. The Motion is fully briefed and under submission to the Court, and therefore, nothing Mr. Markle (or any other witness) says could cure the defects that plague the FAC (ECF No. 31). And given that Plaintiff has already amended once to evade dispositive deficiencies in her original Complaint (ECF No. 1), any further amendment would be futile. More to

the point, "discovery *follows* a well-pleaded complaint." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013) (emphasis in original). It does not *precede* it.

A deposition of Mr. Markle at this juncture, along with other discovery, would be an unnecessary spectacle and waste of the parties' time, money, and resources. Plaintiff should not be permitted to force Meghan and, potentially, numerous non-parties to devote substantial resources to extraneous discovery while a meritorious motion that could dispose of the entire case is pending. That is particularly true in a defamation action, such as here, where a plaintiff seeks to recover against a party for exercising fundamental First Amendment rights. Such an action violates the public policy reflected in Florida's anti-SLAPP statute.

Finally, Plaintiff will not be prejudiced by holding off on discovery pending a ruling. If the Motion to Dismiss is denied, then there is sufficient time for the parties to conduct discovery before the April 2023 discovery deadline.

## II.    FACTUAL BACKGROUND

### A.    The First Amended Complaint.

The FAC purports to arise out of two publications: (1) a book by journalists Omid Scobie and Carolyn Durand called *Finding Freedom* (ECF No. 1 [Complaint] ¶ 22); and (2) a 2021 interview of Meghan and Prince Harry by Oprah Winfrey. Plaintiff commenced this action on March 2, 2022. The original complaint alleged causes of action for "defamation" (*id.* ¶¶ 32-37) and "defamation by implication" (*id.* ¶¶ 38-43). It failed for numerous reasons, as Meghan explained in her motion to dismiss. (ECF No. 15.) Chief among them was its reliance on a 2018 email from

Meghan, which Plaintiff alleged was the basis for statements made by nonparties Scobie and Durand in *Finding Freedom*. (ECF No. 1 ¶¶ 25.a-g; ECF No. 1-2.) That claim was obviously time-barred in this suit filed in 2022 under Florida's two-year statute of limitations for defamation claims. (ECF No. 15 at pp. 6-8.) Plaintiff agreed, and instead of opposing the motion to dismiss, she retained new lawyers and filed the FAC (ECF No. 31), which deleted all references to the 2018 email and replaced the "defamation by implication" claim with one for "injurious falsehood." (*See id.* ¶¶ 55-72.)

In an attempt to rescue her case, Plaintiff revised her theory by claiming that Meghan is somehow responsible for statements she did not make in a book she did not author. To state the obvious, because Meghan did not write *Finding Freedom*, she cannot be liable for statements in the book. It really could not be simpler than that. As to the three statements that Meghan supposedly did make in a 2021 Oprah Winfrey interview, they are textbook examples of non-actionable opinion that are also substantially true.

Meghan thus moved to dismiss the FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for an award of reasonable attorneys' fees and costs pursuant to the Florida anti-SLAPP law, Fla. Stat. § 768.295. (ECF No. 34.) That motion has been fully briefed and is now pending before the Court.

B. **Plaintiff's Contemplated Discovery.**

On September 2, 2022, Plaintiff made her initial disclosures. In addition to the parties, she identified a whopping 19 non-party witnesses, including Prince Harry,

Meghan's mother, Oprah Winfrey, and several journalists/media personalities who reside in the United Kingdom, including Scobie and Durand, the authors of *Finding Freedom*. (Kump Decl. ¶ 2.)

A few weeks later, Plaintiff's counsel informed Meghan's counsel that they intend to take the deposition of Mr. Markle in the period of October 5-21, 2022. Meghan's counsel responded that discovery is premature unless and until the FAC survives the pending Motion to Dismiss. During the L.R. 3.01(g) conference of counsel, Plaintiff's counsel stated they would oppose any motion for a stay of discovery. (*Id.* ¶ 3.) This motion followed.

### III. <u>ARGUMENT</u>

#### A. <u>The Court Has Wide Discretion to Stay Discovery</u>.

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017).

More specific to the circumstances here, district courts "have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression, or undue burden or expense." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (citing Fed. R.

Civ. P. 26(c)). This wide discretion permits courts to stay discovery pending resolution of dispositive motions. *See, e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that district court did not abuse its broad discretion in staying discovery pending resolution of motion for judgment on the pleadings in a defamation action). A district court acts well within its discretion when the stay of discovery "saves the time and effort of the court, counsel, and the parties." *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (affirming order staying proceedings pending motions to dismiss and for judgment on the pleadings).

To that end, the Eleventh Circuit has encouraged district courts to resolve motions to dismiss *before* discovery begins. "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). By contrast, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Ibid.*

Of course, not all non-meritorious claims are created equal. In particular, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," are particularly appropriate for stays. *Id.* at 1367. Such motions present "purely legal question[s]," so "neither the

parties nor the court have any need for discovery before the court rules on the motion." *Ibid.*

### B.     Discovery Stays Are Especially Appropriate in Defamation Actions.

Stays of discovery are particularly appropriate in defamation actions, such as this case, because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). In *Horsley*, for example, the Eleventh Circuit found no abuse of discretion in a defamation action where the district court stayed discovery pending resolution of a motion for judgment on the pleadings. *Horsley*, 304 F.3d at 1131 n.2.

District courts have similarly protected free speech by granting motions to stay discovery in defamation actions. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (in light of the "interest" discussed in *Michel*, and the order dismissing Plaintiff's claims, granting motion to stay discovery "pending the potential filing of Plaintiff's Amended Complaint"); *Borislow v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) ("Absent a stay of discovery pending determination of these threshold legal issues [in a defamation case], Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests. The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted.").

### C. Good Cause Exists to Briefly Stay Discovery Pending A Ruling.

In deciding whether to stay discovery, courts take a "preliminary peek" at the motion to determine if it appears to be "clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). Courts also "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Ibid.* (citation omitted).

As discussed below, discovery in this case should be stayed pending resolution of the Motion to Dismiss because (1) the Motion is clearly meritorious and will dispose of the case; (2) a brief stay of discovery will not prejudice or harm Plaintiff; and (3) discovery *will* harm Meghan, other non-parties, the Court, and the interests protected by the First Amendment.

#### 1. The Motion to Dismiss Will Likely Be Dispositive.

A "preliminary peek at the merits" of the pending Motion to Dismiss demonstrates that it is "case dispositive." *McCabe*, 233 F.R.D. at 685 (quotation omitted). The Motion should, at a minimum, "leave[ ] [the Court] with concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment." *Borislow*, 2014 WL 12580035, at *1. Not only that: there is no question that Meghan did not make the statements at-issue in *Finding Freedom*.

Plaintiff's injurious falsehood claim also lacks merit and fails under Florida's single action rule. *See Callaway Land & Cattle Co., Inc., v. Banyon Lakes C. Corp.*, 831 So.2d 204, 208 (Fla. 4th DCA 2002) ("In Florida, a single publication gives rise to a single cause of action"); *Kamau v. Slate*, 2012 WL 5390001, at *7–8 (N.D. Fla. Oct. 1, 2012) (dismissing injurious falsehood claim because "the basis for that claim is the same publication or event" as that underlying the defamation claim).

### 2. A Brief Stay of Discovery Will Not Prejudice Plaintiff.

Plaintiff will not be prejudiced by a short stay of discovery. First, discovery does not close until April 2023 (ECF No. 49), so there is plenty of time remaining to conduct it. Second, the Motion to Dismiss the FAC is fully briefed (ECF No. 48), so the non-party discovery at issue is, by definition, unnecessary to oppose the motion. Moreover, the requested deposition *could* have no bearing on any subsequent amended complaint, inasmuch as the "statements" were made in a blockbuster television interview and a bestselling book, not in statements to Mr. Markle.

Third, Plaintiff claims to speak regularly with her father and does not need a deposition to gather evidence from him. Fourth, Plaintiff waited a full year after the Oprah interview, and a year and a half after *Finding Freedom* was published, to file this action. Having sat on her claims, Plaintiff can hardly complain about waiting another month or two to commence discovery.

### 3. Unnecessary Discovery Would Prejudice Meghan, Numerous Non-Parties, the Court, and the First Amendment.

Unlike the imperceptible harm to Plaintiff, the harm to Meghan, numerous non-parties, and the Court itself from wasting time and money on pointless discovery and potential discovery disputes is very real. As noted above, all but two of the witnesses listed on Plaintiff's disclosures are non-parties, and the majority of them reside in the United Kingdom, with several others in New York and California.

While there is no legitimate justification for Plaintiff to conduct such extensive non-party discovery at all, there is *certainly* no *immediate* need to put Meghan to the burden of "the time, expense, and aggravation of preparing for and attending depositions." *Chudasama*, 123 F.3d at 1367.

Indeed, even the *one* deposition that Plaintiff seeks to conduct (thus far) would require substantial expense and burden. Mr. Markle is a non-party who resides in Mexico, and Meghan's counsel would have to prepare to cross-examine him because it would likely be the only opportunity to question him. Meghan could later seek leave to re-depose him, but that may not be possible.[1]

---

[1] "A deponent's status as a 'central figure' in a case does not automatically entitle the deposing party to more than a seven-hour deposition." *Cobb v. Vicksburg Health Care, LLC*, 2018 WL 6709627, at *3 (S.D. Miss. Dec. 20, 2018). If it came to that, Meghan would have to comply with onerous Hague Convention procedures to compel Mr. Markle's deposition, including transmitting a "[r]equest[ ] for the compulsion of evidence under the Hague Evidence Convention … to the Mexican Central Authority," which would have to "be prepared in duplicate and translated into Spanish." US Dep't of State – Bureau of Consular Affairs, *Mexico Judicial Assistance Country Information* (Oct. 19, 2017), online at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Mexico.html.

Discovery at this stage of the case would thus be at odds with the purposes of Florida's anti-SLAPP law—namely, to spare defendants the "great expense, harassment, and interruption of their duties" from lawsuits that seek to suppress the exercise of First Amendment rights. Ch. 00-174, 2000 Fla. Laws 1. "The longer such suits linger, the greater the expense and interruption of the lives of the targets, the greater the threat of financial liability, and the greater the chill on the exercise of constitutional rights." *WPB Residents for Integrity in Gov't, Inc. v. Materio*, 284 So. 3d 555, 561 (Fla. 4th DCA 2019) (memorandum).

## IV. CONCLUSION

For the foregoing reasons, Meghan respectfully requests that this Court stay all discovery (including from non-parties) pending resolution of the Motion to Dismiss the FAC.

## V. LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g)(2), Meghan, The Duchess of Sussex hereby certifies that the parties met and conferred telephonically in connection with this motion, but were unable to resolve all or part of the motion.

RESPECTFULLY SUBMITTED this 30th day of September, 2022

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

/s/ *signature*

**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 30th day of September, 2022.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
255 Primera Blvd., Ste 128
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

796359