IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-00511-CEH-TGW

SAMANTHA M. MARKLE,

      Plaintiff,

v.

MEGHAN MARKLE,

      Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING OUTCOME OF DISPOSITIVE MOTION**

The Plaintiff, SAMANTHA M. MARKLE, by and through her undersigned counsel, hereby files this, her Response in Opposition to the Defendant's Motion to Motion to Stay Discovery Pending Outcome of Dispositive Motion filed on September 30, 2022, and in support states as follows:

The Defendant, MEGHAN MARKLE (hereinafter referred to as the "Meghan"), filed her Motion to Stay Discovery Pending the Outcome of her Dispositive Motion on September 30, 2022.

Naturally, as the saying goes, Defendants Delay while Plaintiffs Push, and it always behooves a Defendant to cause delay. This is

especially true in the present case where key evidence is going to be needed from overseas and where depositions of some of the witnesses are going to be time consuming to arrange.

The parties had already agreed and submitted a Uniform Case Management Report on July 13, 2022, in accordance with Local Rule 3.02(d) and pursuant to Local Rule 3.02(b)(1). [D.E. 43.] This was agreed to by the Defendant's counsel, Michael J. Kump, and the Plaintiff's counsel, Taylor E. Young, who had conferred, signed, and agreed to the dates set forth in the Uniform Case Management Report.

Now, after discovery is limited to a short date of June 26, 2023, as the "Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021)," the Defendant wants the Plaintiff to be restricted so that the time allotted would not be used for discovery purposes.

This would be extremely unfairly prejudicial against the Plaintiff, as there is no telling how long it will be before this Court renders a decision on the Defendant's Motion to Dismiss, and even if it is soon, valuable time for discovery would be etched away, outside of the control of the Plaintiff.

Then, on August 3, 2022, this Court entered a Case Management and Scheduling Order which set the discovery deadline for April 3, 2021.

2

[D.E. 49.]

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court has broad discretion in regulating discovery issues, including the power to stay discovery pending resolution of dispositive motions. *Scroggins v. Air Cargo, Inc.,* 534 F.2D 1124,1133 (5th Cir. 1976).

However, this Court is required to balance fairness with cost *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In this regard, the Defendant must demonstrate both reasonableness as well as good cause. *Navkivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla).

As the Plaintiff's back is already against a proverbial wall, in that she has only up until April to complete discovery, it is not reasonable that the Plaintiff not be allowed to pursue discovery during the time which had been allotted.

Moreover, although "imposing a stay on the discovery pending a dispositive motion is permissible if there are *no* factual issues raised by the dispositive motion, in this case, discovery is required to address the factual issues which had been raised in the Moton to Dismiss. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981).

Fundamentally, motions to stay are not favored because when discovery is delayed and prolonged it can create case management problems which impedes the Court's responsibility to expedite discovery and causes unnecessary litigation expenses and problems. *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997).

In *Kingsway Amigo Ins. Co.,* the Court found that a blanket delay of all discovery would frustrate the duty of the Court, and that it is in the Court's duty to enforce the scheduling Order and ensure that the parties are prepared to comply with discovery and other deadlines within the scheduling order. *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-20212-CIV-KING/TORRES, 2018 U.S. Dist. LEXIS 221262, 8 (S.D. Fla. Sep. 28, 2018).

This Court should deny the Defendant's Motion to Stay as the parties have mutually agreed on the discovery deadlines, on which this Court undoubtedly relied when it entered its Case Management and Scheduling Order.  As such a delay of all discovery would inhibit this Court from enforcing its Scheduling Order and ensuring that the parties are prepared to comply with discovery and other deadlines within the scheduling order.

Also, the Plaintiff has presented strong arguments which should result in surviving a motion to dismiss.  As such, no stay should be

4

applied. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 U.S. Dist. LEXIS 160948, 2012 WL 5471793, at 3 (S.D. Fla. Nov. 9, 2012).

In *Feldman,* Supra., the court denied a motion to stay discovery pending resolution of a motion to dismiss after assessing the merits of the motion to dismiss in a preliminary glimpse and noting that the motion, "while presenting substantial issues, is not so clear 'on its face [that] there appears to be an imminent and immediate and clear possibility that it will be granted." *Feldman* at 652.

A stay should be denied where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the defendants describe them to be." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 U.S. Dist. LEXIS 84279, 2014 WL 2807617, 2 (S.D. Fla. June 20, 2014).

Here, the Plaintiff asserts two counts against the Defendant: Defamation and Injurious Falsehood. The Defendant argues that a stay of discovery is appropriate because her pending Motion to Dismiss will be dispositive of the Plaintiff's entire case.

This position is a bit presumptuous. Mrs. Markle filed her Response in Opposition to the Defendant's Motion to Dismiss on July 8, 2022, as well as an Affidavit in Support of her Response in Opposition to the Defendant's Motion to Dismiss. [D.E. 41 and 42].

5

Should this Court take a preliminary peek of the (1) Motion to Dismiss, (2) the Plaintiff's Response in Opposition to the Motion to Dismiss, and (3) the Plaintiff's Affidavit to her Response in Opposition to the Motion to Dismiss, it would find that the Motion to Dismiss is not so "clearly meritorious and truly case dispositive" that a stay of discovery would be justified.  *Feldman* at 652-653.

Frankly, this is a situation where two siblings are at odds, due to the destructive public publishing of falsehoods by one royal sister against her common sister whose life has been turned upside down by the royal sister's faithful fans and others.  As such, the Plaintiff has presented strong rebuttal arguments to show that she has sufficiently plead a cause of action for Defamation and Injurious Falsehood.

Thus, the stay of discovery requested by the Defendant should be denied as this Court should find that the Plaintiff may survive the Motion to Dismiss filed by the Defendant.

WHEREFORE, the Plaintiff, SAMANTHA M. MARKLE, respectfully requests that this Honorable Court enter an Order denying the Defendant's Motion to Stay Discovery Pending Dispositive Motion, allow the parties to proceed with discovery pending the resolution of the Motion to Dismiss, and such other and further relief this Honorable Court may deem just and proper.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

> **DESIGNATION OF EMAIL ADDRESSES FOR SERVICE**
> (Pursuant to Rule 2.516 Fla. R. Jud. Admin.)
>
> The undersigned attorneys of The Ticktin Law Group hereby designate the following Email Addresses for service in the above styled matter. Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed.
> **Serv549@LegalBrains.com; Serv513@LegalBrains.com; Serv512@LegalBrains.com**
> **SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties registered to receive service via CM/ECF this **4th day of October 2022**.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757


_/s/ *Taylor Young* _____
PETER TICKTIN
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
TAYLOR E. YOUNG
Florida Bar No. 1031760