# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle,<br><br>    Plaintiff,<br><br>vs.<br><br>Meghan Markle,<br><br>    Defendant. | Case No. 8:22-cv-00511-CEH-TGW |

**JOINT UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 16 and 6, and Middle District Local Rules 3.01(a) and 3.08, Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex ("Meghan"), hereby jointly request a 90-day extension of all remaining deadlines set forth in this Court's Case Management and Scheduling Order (ECF No. 49). The parties state as follows:

1. This is a diversity action. *See* 28 U.S.C. § 1332.

2. On June 3, 2022, Plaintiff filed her First Amended Complaint (ECF No. 31), which contains two counts for defamation and injurious falsehood.

3. On June 17, 2022, Meghan moved to dismiss Plaintiff's First Amended Complaint in its entirety. (ECF No. 34.) On July 8, 2022, Plaintiff filed her opposition. (ECF No. 41.) On July 25, 2022, Meghan filed her reply in support of her motion to dismiss. (ECF No. 48.) That motion remains pending.

4. On August 3, 2022, this Court issued a Case Management and Scheduling Order, setting forth various pretrial deadlines for this case, along with the trial date. (ECF No. 49.) Of particular relevance here, the discovery deadline is April 3, 2023. (*Id.* at 2.)

5. On September 30, 2022, Meghan moved to stay discovery pending the outcome of her motion to dismiss. (ECF No. 54.) On October 4, 2022, Plaintiff filed her opposition to that motion. (ECF No. 55.) Meghan did not seek leave to file a reply. That motion is fully briefed and remains pending.

6. On January 3, 2023, Plaintiff's counsel contacted Meghan's counsel in connection with the scheduling of party and non-party depositions in February and March 2023.

7. A case management order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *accord* Fed. R. Civ. P. 6(b)(1).

8. In light of the pending motion to dismiss, which might moot discovery, and the motion to stay discovery, which might prohibit it in the interim, the parties jointly and respectfully request at this time that all remaining deadlines in this case be extended by approximately 90 days.

9. Because the parties are jointly requesting this extension, they have necessarily conferred in good faith and have agreed to the relief requested herein. *See generally* L.R. 3.01(g). The parties file this Joint Motion in good faith and not for purposes of delay. Neither party will be prejudiced by the relief sought in this Motion. Indeed, the parties expect that a continuance of the pretrial deadlines and trial date would moot discovery disputes that are otherwise likely to arise, including motions for protective orders in connection with Plaintiff's contemplated depositions.

10. The undersigned counsel hereby certify that their respective clients consent to the continuance. L.R. 3.08(b).

## MEMORANDUM OF LAW

Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Modification of pre-trial orders is generally permitted when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) (quoting *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)). A party seeking to modify a scheduling order must demonstrate "good cause," *Utilities Mktg. Grp., LLC v. Warrick*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016), the "primary measure" of which "is the movant's diligence in attempting to meet the Order's requirements." *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 11507711, at *1 (M.D. Fla. June 18, 2010). Good cause exists where the schedule cannot be "met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing advisory committee's note to Fed. R. Civ. P. 16).

Factors to be considered in evaluating good faith include the promptness displayed by the movants in seeking an extension, and whether there is any bad faith or dilatory motive on the part of the movant or prejudice to any party. *See Utilities Mktg. Grp., LLC*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016) (court found good cause to allow plaintiffs to amend their pleadings beyond the deadline in the scheduling order, based on their due diligence, and defendants' failure to show

undue delay, bad faith or prejudice); *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 700 (S.D. Fla. 2012) (defendants demonstrated good cause to allow its filing of an amended pleading beyond the court ordered deadline, where it did not delay in seeking, and demonstrated no bad faith or dilatory motive, and plaintiff failed to demonstrate any prejudice).

Courts have granted motions for the extension of deadlines and continuances of trial dates where good cause has been shown, recognizing that such extension will allow the parties to complete discovery and prepare for trial, as well as facilitate their ability to attempt to resolve matters amicably through a good faith mediation process. *Bassler v. George Weston Bakeries Distribution Inc.*, 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009).

The parties have demonstrated good cause. Specifically, the parties agree that the pending motions may moot the need for discovery at all (if granted), and/or frame the issues relevant to any such proceeding (if denied in part). The parties have been diligent in attempting to meet the requirements of the Court's Case Management and Scheduling Order (ECF No. 49), including by filing this motion before the expiration of any of the existing deadlines. The parties file this Joint Motion in good faith and not for purposes of delay, but rather, to ensure that they have the benefit of the Court's ruling(s) on the pending motions. Neither party will be prejudiced by the relief sought in this Motion.

Accordingly, an extension of approximately three (3) months of the deadlines set forth in the Court's Order dated August 3, 2022, including the resetting of the

discovery deadline to July 3, 2023, and the resetting of this matter for a trial for January 16, 2024, is warranted and in the best interest of the parties and this Honorable Court.

WHEREFORE, Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex, jointly request that the Court enter an order extending, by approximately 90 days, all remaining deadlines set forth in the Court's Case Management and Scheduling Order (ECF No. 49), as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Mandatory Initial Disclosures | September 2, 2022 | N/A |
| Certificate of Interested Persons and Corporate Disclosure Statement | Completed | N/A |
| Motions to Add Parties or to Amend Pleadings | October 3, 2022 | N/A |
| Disclosure of Expert Reports | | |
| Plaintiff: | February 3, 2023 | May 5, 2023 |
| Defendant: | February 3, 2023 | May 5, 2023 |
| Rebuttal: | March 3, 2023 | June 5, 2023 |
| Discovery Deadline | April 3, 2023 | July 3, 2023 |
| Dispositive Motions, *Daubert*, and *Markman* Motions | May 5, 2023 | Aug. 4, 2023 |
| *Meeting In Person* to Prepare Joint Final Pretrial Statement | Aug. 11, 2023 | Nov. 10, 2023 |
| *Joint Final Pretrial Statement,* (including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version may be e-mailed to the Chambers mailbox] *Voir Dire* Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | Aug. 22, 2023 | Nov. 21, 2023 |

| | | |
|---|---|---|
| All Other Motions Including Motions *In Limine* | Aug. 29, 2023 | Nov. 28, 2023 |
| Final Pretrial Conference<br><br>Date:<br>Time:<br>Judge: | Sept. 19, 2023<br>3:15 pm<br>Charlene Edwards Honeywell Crtrm. 13A | Dec. 19, 2023<br>3:15 pm<br>Charlene Edwards Honeywell Crtrm. 13A |
| Trial Briefs and Deposition Designations | Sept. 12, 2023 | Dec. 12, 2023 |
| Trial Term Begins | Oct. 2, 2023 | Jan. 16, 2024 |
| Estimated Length of Trial | 5 days | N/A |
| Jury/Non-Jury | Jury | N/A |
| Mediation<br><br>Deadline:<br>Mediator:<br><br>Address:<br><br><br><br><br>Telephone: | <br><br>Aug. 31, 2023<br>Mary Ruth Houston, Esq.<br>Shutt & Bowen LLP, 300 S. Orange Ave., Ste. 1600, Orlando, FL 32801<br>407-423-3200 | <br><br>Nov. 29, 2023<br>Same |
| Designated Lead Counsel   Attorney Name:<br>Pursuant to Local Rule 1.01(d)(9)<br>Lead Counsel Telephone Number | Taylor E. Young<br><br>954-570-6757 | |

RESPECTFULLY SUBMITTED this 9th day of January, 2023

THE TICKTIN LAW GROUP

/s/ Taylor Young
**Peter Ticktin** (Fla. Bar No. 887935)
pticktin@legalbrains.com
**Jamie Sasson** (Fla. Bar No. 10802)
jsasson@legalbrains.com
**Taylor Young** (Fla. Bar No. 1031760)
tyoung@legalbrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: 954.570.6757


KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Crescent Executive Ct., Ste 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

7   Case No. 8:22-cv-00511-CEH-TGW
JOINT MOTION TO MODIFY SCHEDULING ORDER

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Plaintiff and Defendant have conferred regarding this motion and Plaintiff and Defendant jointly seek the modification of the deadlines in the Case Management and Scheduling Order and a continuance of the trial date.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 9th day of January, 2023.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Crescent Executive Ct., Ste 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

810948