IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-00511-CEH-TGW

SAMANTHA M. MARKLE,

      Plaintiff,
v.

MEGHAN MARKLE,

      Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S
RESPONSES TO FIRST REQUEST FOR PRODUCTION FIRST SET
OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS**

The Plaintiff, SAMANTHA M. MARKLE, by and through her undersigned counsel, hereby moves this Court for an order compelling the Defendant, MEGHAN MARKLE, to provide responses to the Plaintiff's First Request for Answers to Interrogatories, First Request for Production, and First Request for Admissions, and as grounds therefore, states as follows:

    1.    On December 15, 2022, the Plaintiff, SAMANTHA M. MARKLE (hereinafter referred to as "Mrs. Markle") served her First Request for Admissions, First Request for Answers to Interrogatories, and First Request for Production to the Defendant, MEGHAN MARKLE (hereinafter referred to as the "Duchess").

2. The Duchess' responses to all three discovery requests were due on January 17, 2023.

3. The Duchess did in fact serve her responses to all three discovery requests on January 17, 2023, however she did not produce a single document in response to Mrs. Markle's First Request for Production, nor did she answer one interrogatory or admission.

4. The Duchess has utilized improper stonewalling to resist Mrs. Markle's discovery efforts in this case. Not only has the Duchess refused to produce documents and answer discovery requests, but she has also refused to coordinate any depositions in this case. *See* ECF No. 58.

5. As such, Mrs. Markle moves to compel the Duchess to respond to her First Request for Production, First Request for Answers to Interrogatories, and First Request for Admissions.

**Production of Documents**

6. In the Duchess' response to the First Request for Production (attached hereto and marked as Exhibit "A"), the Duchess asserted general objections which spanned from Pages 1-3, Paragraphs 1-9.

> As of the date hereof, Meghan has not yet had a sufficient opportunity to discover or otherwise obtain and review all documents and materials which may have some bearing on this case. Consequently, these responses are based only upon such information and documents currently

available, known to or understood by Meghan.
As this action proceeds, Meghan anticipates that further discovery, research and analysis may supply additional facts and additional meaning to the known facts Meghan reserves her right to use, as evidence in this action, any hereafter-acquired or - discovered documents which would have been responsive to these requests.

Meghan objects to each request on the grounds that there is a pending motion to dismiss the First Amended Complaint ("FAC") (ECF No. 34) and a pending motion to stay discovery (ECF No. 54). Meghan objects to undertaking the burden of responding to expansive discovery requests and collecting documents in light of the pending motions which could result in the dismissal (or stay) of this action. Accordingly, <u>while Meghan has provided the responses contained herein, she does not intend to produce responsive documents until the Court has ruled on the pending motion to dismiss and motion to stay discovery</u>. (emphasis added).

Meghan objects to each request on the grounds that there is no protective order in place. Meghan does not intend to produce responsive documents until the parties stipulate to such an order and it is entered by the magistrate.

Meghan objects to each request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Meghan will not disclose any such protected information or documents in response to these requests. Any inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege or of any other ground for objection to

3

disclosure of the documents and/or information, or of Meghan's right to object to the use of any such document and/or information during these or any other proceedings.

Meghan's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

Meghan objects to each request to the extent it purports to impose any discovery obligation on her beyond the scope permitted by the Federal Rules of Civil Procedure and Rules of Court. In the following responses, all Definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

Each of the following responses and objections are based on Meghan's understanding of Plaintiff's First Set of Requests for Production. To the extent Plaintiff asserts an interpretation of any such request that is inconsistent with that of Meghan,

7. Out of the thirty-six (36) requests for production, the Duchess objected to each and every request, and has failed to produce even one single document.

8. For example, Request No. 1 states:

Any and all pictures which depict you and the Plaintiff.

RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment

4

adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th 4 Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, the alleged statement at issue— "A trusted confidant shared … 'If there were more [photographs of Plaintiff and Meghan together], [*Plaintiff*] would have sold them'" (ECF 35-1 [RJN Ex. 1] p. 174; *see* FAC ¶ 24)—on its face refers to additional photographs in *Plaintiff*'s possession, not Meghan's.

9. Upon review of the Duchess' general objections, she specifically states that although "Meghan has provided the responses contained herein, she does not intend to produce responsive documents until the Court has ruled on the pending motion to dismiss and motion to stay discovery."

10. In essence, the Duchess responded to the request for production as she was required to do so within 30 days under Fed. R. Civ. P. 34, but with the intent to withhold the production of documents pending the motion to dismiss and motion to stay discovery. By doing so, the Duchess completely avoids searching for, and producing the documents altogether.

11. Under the Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

12. The Duchess failed to make a "diligent effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party." Middle District Discovery (2015) at 5; see also *Giroux v. Kangamiut Contractors ApS*, No. 3:10-cv-35- J-37JBT, 2011 WL 3702422, at *1 (M.D. Fla. Aug. 22, 2011).

13. It is undisputed that the discovery deadline in the Case Management and Scheduling Order (ECF No. 49) is April 3, 2023, and the Duchess may not improperly withhold producing documents in the hopes that her motion(s) may be granted.

14. Request No. 5 states:

> Any and all phone logs which evidence calls between you and the authors of *Finding Freedom.*
>
> RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that the term "Royal Family Public Relations Team" is vague and ambiguous. Meghan further objects that this request assumes facts— namely, that any such calls occurred. Meghan further objects that this request violates her right to privacy. *See, e.g., Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla.

Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life"). Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of third parties.

15. By and through the Duchess' responses, she continued in her pattern of incorporating the general objections, and refusing to produce any documents to Mrs. Markle.

16. To date, the Duchess has provided zero documents to Mrs. Markle and the Duchess appears to be delaying producing documents in the hopes that this Court may grant the Motion to Dismiss (ECF No. 34) and/or Motion to Stay (ECF No. 54), according to Paragraph 2 of her Responses to the First Request for Production.

17. The Case Management and Scheduling Order provides a Discovery Deadline of April 3, 2023, and Mrs. Markle only has a limited amount of time left to get discovery.

18. For these reasons, Mrs. Markle moves to compel the Duchess to respond to requests 1 through 36 of the First Request for Production.

**Interrogatories**

19. In the Duchess' responses to the First Request for Interrogatories, the Duchess asserted several preliminary "responses and objections" (attached hereto and marked as Exhibit "B"), including:

> As of the date hereof, Meghan has not yet had a sufficient opportunity to discover or otherwise obtain and review all documents and materials which may have some bearing on this case. Consequently, these responses are based only upon such information and documents currently available, known to or understood by Meghan.
> As this action proceeds, Meghan anticipates that further discovery, research and analysis may supply additional facts and additional meaning to the known facts Meghan reserves her right to use, as evidence in this action, any hereafter-acquired or - discovered documents which would have been responsive to these requests.
>
> Meghan objects to each request on the grounds that there is a pending motion to dismiss the First Amended Complaint ("FAC") (ECF No. 34) and a pending motion to stay discovery (ECF No. 54). <u>Meghan objects to undertaking the burden of responding to expansive discovery requests and collecting documents in light of the pending motions which could result in the dismissal (or stay) of this action</u>. Accordingly, while Meghan has provided the responses contained herein, she does so without waiver of her motion to stay discovery. (Emphasis added).
>
> Meghan objects to each request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other

applicable privilege or doctrine. Meghan will not disclose any such protected information or documents in response to these requests. Any inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege or of any other ground for objection to disclosure of the documents and/or information, or of Meghan's right to object to the use of any such document and/or information during these or any other proceedings.

Meghan's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

Meghan objects to each request to the extent it purports to impose any discovery obligation on her beyond the scope permitted by the Federal Rules of Civil Procedure and Rules of Court. In the following responses, all Definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

20. Out of the twenty-three (23) interrogatory requests, the Duchess objected to each and every single one of the requests and either avoided answering the question altogether or provided either partial or full answers, it is impossible to know.

21. For example, Request No.

Did you at any point discuss with anyone the idea of them participating or not participating in providing information to the authors of *Finding Freedom* or contact the authors of *Finding Freedom?* If so, please explain when such discussions occurred, where they occurred, who

was present, and what was said by whom if it was verbal. If it was in writing, including by text or email or otherwise, provide the date, the means of communication, and all who were directly privy, such as by cc, to the communication.

RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request contains at least four "discrete subparts," in violation of Fed. R. Civ. P. 33(a)(1); *see Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (adopting the "related question" test to determine whether the subparts of an interrogatory are discrete, i.e., whether they subparts are "logically or factually subsumed within and necessarily related to the primary question"). Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g.,*7 *Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf.

22. Again, the Duchess re-asserted her general objections and

"objects to undertaking the burden of responding to expansive discovery requests and collecting documents in light of the pending motions which could result in the dismissal (or stay) of this action."

23. Given the incorporation of the Duchess' general objections to her response, it is unclear whether the Duchess has fully or partially responded to the request.

24. Any claim by the Duchess that such interrogatory is a "fishing expedition," is of no merit. The interrogatory is relevant to Mrs. Markle's claims in her Amended Complaint and the Duchess' defenses under Fed. R. Civ. P. 26(b)(1).

25. Similar to the Duchess' responses to the First Request for Production, she continues on a scheme of objecting to the interrogatory and avoids answering the questions propounded by Mrs. Markle altogether.

26. Request No. 4 states as follows:

> At any point in time did you live with any of your siblings, half-siblings, or stepsiblings? If so, please list name(s) of the sibling(s), half-sibling(s), or step-sibling(s) with which you lived and the periods of time which you lived together, and the period of time you did not live together.
>
> RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information

11

that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as whether parties shared a residence before Meghan's living memory does not tend to establish the existence of a familial relationship 35 years later.

27. The Duchess incorporates her general objections, objects based on relevancy, and then wholly avoids answering the interrogatory propounded.

28. Given the dilatory discovery tactics necessitated by the Duchess, she should be compelled to provide responses to the twenty-three (23) Requests for Answers to Interrogatories propounded by Mrs. Markle.

**Admissions**

29. Mrs. Markle propounded a total of thirty-eight (38) requests for admissions, the Duchess has objected to each and every one of the requests (attached hereto and marked as Exhibit "C").

30. As seen with the Duchess' responses to the Production and Interrogatory requests, she once again asserts a number of general objections (*See* Pages 1-3) and incorporates those general objections into every single response.

31. By doing so, the Duchess avoids answering any of the thirty-eight (38) requests for admissions.

32. For example, Request No. 1 states as follows:

You are not an only child.

RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law. Meghan further objects that this request is vague and ambiguous, inasmuch as it does not distinguish between biological relations, on the one hand, and the manner in which a child was raised, on the other.

33. The objections are without merit. The request is relevant to the Plaintiff's Amended Complaint as well as the Duchess' defenses to this action and is proportional to the needs of the case.

34. Moreover, the request is not vague or ambiguous, an "only child" is a "person who never had a brother or sister." *Only Child*, Merriam-Webster.com Dictionary, https://www.merriam webster.com/dictionary/ony%20child (last visited February 3, 2023).

35. The request asks whether the Duchess ever had a brother or sister, Mrs. Markle does not need to go so far as to specify between biological relations and the manner in which the child is raised.

36. Request No. 3 states:

You have a half-brother named Thomas Markle, Jr.

RESPONSE: Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law. Meghan further objects that this request is vague and ambiguous, inasmuch as it does not distinguish between a biological relationship, on the one hand, and a familial relationship, on the other.

37. The objections asserted by the Duchess are identical to Request No. 1 set forth above.

38. Upon review of the Duchess responses to the First Request for Admissions, she asserts objections to every request, and refuses to admit or deny even one of the thirty-eight (38) distinct requests for admission.

39. As such, Mrs. Markle requests that this Court compel the Duchess to respond to requests one through 38 of the First Request for Admissions.

**Conclusion**

40. Taken one by one, the Duchess' responses to the individual

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

discovery requests are not all that troubling, however, given that the Duchess has failed to produce any documents responsive to the First Request for Production nor has she answered one single interrogatory, one single admission, or coordinated one deposition, it is clear that the Duchess' is willfully withholding evidence and stonewalling discovery.

41. Boilerplate or general objections are improper and constitute a waiver of the objections to the discovery sought. *Pinkston v. USF Bd. of Trs.*, No. 8:18-cv-2651- T-33SPF, 2019 U.S. Dist. LEXIS 152711 (M.D. Fla. Sep. 9, 2019).

42. In several responses to the to the discovery requests, the Duchess objects that certain questions are vague and ambiguous and/or irrelevant to the instant action, but "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless and are deemed without merit by this Court." *Gardner v. Ford Motor Co.*, No. 6:14-cv-508-Orl-18DAB, 2015 U.S. Dist. LEXIS 184082 (M.D. Fla.Feb. 17, 2015); *Abdin v. Am. Sec. Ins. Co.*, No. 09-81456-CIVRYSKAMP/VITUNAC, 2010 U.S. Dist. LEXIS 162522 (S.D. Fla. Aug. 24, 2010) (quoting *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

43. Under Federal Rule of Civil Procedure 37(a)(4), an evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. *Seascape Aquarium, Inc. v. Associated Diversified Servs.,* No. 8:17-cv-2137-T-17JSS, 2017 U.S. Dist. LEXIS 172044 (M.D. Fla. Oct. 18, 2017).

44. The Duchess' responses to the First Request for Interrogatories, First Request for Production, and First Request for Admissions should be treated as a failure to answer.

WHEREFORE, the Plaintiff, SAMANTHA M. MARKLE, respectfully requests that this Court order that the Defendant, MEGHAN MARKLE, be compelled to respond to the Plaintiff's First Request for Production, First Request for Answers to Interrogatories, and First Request for Admissions, and such further and other relief as this Court may deem just and proper.

## Local Rule 3.01(g) Certification

The undersigned contacted counsel for the Defendant via telephone on February 3, 2023, and conferred in good faith, but were unable to resolve the issues raised in this motion.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

**DESIGNATION OF EMAIL ADDRESSES FOR SERVICE**
(Pursuant to Rule 2.516 Fla. R. Jud. Admin.)

The undersigned attorneys of The Ticktin Law Group hereby designate the following Email Addresses for service in the above styled matter. Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed.
Serv549@LegalBrains.com; Serv513@LegalBrains.com;
Serv512@LegalBrains.com
**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties registered to receive service via CM/ECF this **3rd day of February 2023**.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757


_/s/ Taylor E. Young_____
PETER TICKTIN
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
TAYLOR E. YOUNG
Florida Bar No. 1031760