EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Samantha Markle,

      *Plaintiff,*

v.                                                      Case No. 8:22-CV-511-CEH-TGW

Meghan Markle,

      *Defendant.*

_____

## RESPONSES AND OBJECTIONS OF DEFENDANT

## MEGHAN, THE DUCHESS OF SUSSEX'S TO

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Defendant Meghan, The Duchess of Sussex ("Meghan"), for and on behalf of herself only, hereby responds and objects to Plaintiff's First Set of Requests for Production as follows:

## GENERAL OBJECTIONS

1.    As of the date hereof, Meghan has not yet had a sufficient opportunity to discover or otherwise obtain and review all documents and materials which may have some bearing on this case.  Consequently, these responses are based only upon such information and documents currently available, known to or understood by Meghan. As this action proceeds, Meghan anticipates that further discovery, research and analysis may supply additional facts and additional meaning to the known facts. Meghan reserves her right to use, as evidence in this action, any hereafter-acquired or -discovered documents which would have been responsive to these requests.

2.    Meghan objects to each request on the grounds that there is a pending motion to dismiss the First Amended Complaint ("FAC") (ECF No. 34) and a

pending motion to stay discovery (ECF No. 54). Meghan objects to undertaking the burden of responding to expansive discovery requests and collecting documents in light of the pending motions which could result in the dismissal (or stay) of this action. Accordingly, while Meghan has provided the responses contained herein, she does not intend to produce responsive documents until the Court has ruled on the pending motion to dismiss and motion to stay discovery.

3.      Meghan objects to each request on the grounds that there is no protective order in place. Meghan does not intend to produce responsive documents until the parties stipulate to such an order and it is entered by the magistrate.

4.      Meghan objects to each request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Meghan will not disclose any such protected information or documents in response to these requests. Any inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege or of any other ground for objection to disclosure of the documents and/or information, or of Meghan's right to object to the use of any such document and/or information during these or any other proceedings.

5.      Meghan's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

6.      Meghan objects to each request to the extent it purports to impose any discovery obligation on her beyond the scope permitted by the Federal Rules of Civil Procedure and Rules of Court.  In the following responses, all Definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

7.      Each of the following responses and objections are based on Meghan's understanding of Plaintiff's First Set of Requests for Production. To the extent Plaintiff asserts an interpretation of any such request that is inconsistent with that of Meghan,

Meghan reserves the right to further supplement their objections and responses to these requests.

8.    With respect to any request as to which Meghan has responded, Meghan does not concede the relevance or materiality of the request or the subject matter to which it relates. These responses are made by Meghan subject to, and without in any way waiving or intending to waive:

a.    Any objections as to competency, materiality, privilege, relevancy, propriety, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.    The right to object to other discovery proceedings involving or relating to the same subject matter as the requests; or

c.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

9.    Meghan's responses below are made subject to the foregoing General Objections in paragraphs 1 through 8 above, which are incorporated by reference in each of the responses below, and Meghan specifically reserves the right to reassert those objections by motion or at the time of trial.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all pictures which depict you and the Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th

Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, the alleged statement at issue— "A trusted confidant shared … 'If there were more [photographs of Plaintiff and Meghan together], [*Plaintiff*] would have sold them'" (ECF 35-1 [RJN Ex. 1] p. 174; *see* FAC ¶ 24)—on its face refers to additional photographs in *Plaintiff*'s possession, not Meghan's.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all written communications between you and the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that any such communications are equally available to Plaintiff. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, none of the 10 challenged statements at issue in the FAC are based on statements *to* plaintiff. Nor, as a matter of law, could any such statements support a defamation action: To state a claim for defamation, a plaintiff must plead that "the defendant published a false statement *about* plaintiff to a *third party*." *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010) (emphasis added); *see also Stern v. O'Quinn*, 253 F.R.D. 663, 671 (S.D.

Fla. 2008) ("It is axiomatic that evidence relating to an alleged defamer's knowledge and thought process *at the time of the statements at issue* bears on the issue of actual malice."); *Park v. Cap. Cities Commc'ns, Inc.*, 181 A.D.2d 192, 197 (N.Y. App. Div. 1992) (holding that letter suggesting dispute between parties four years earlier was insufficient to show that defendants with actual malice in allegedly defaming plaintiff).

## REQUEST FOR PRODUCTION NO. 3:

Any and all written communications between you and the Royal Family's Public Relations Team which mentions or references the book *Finding Freedom.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Meghan incorporates her General Objections as if set forth fully herein. . Meghan further objects that the term "Royal Family Public Relations Team" is vague and ambiguous. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence*

*Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR PRODUCTION NO. 4:**

Any and all written communications between you and the Royal Family's Public Relations team which mentions or references the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Meghan incorporates her General Objections as if set forth fully herein. . Meghan further objects that the term "Royal Family Public Relations Team" is vague and ambiguous. Meghan further objects that this request assumes facts—namely, that any such communications exist. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason

Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request seeks communications in the exclusive possession, custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all phone logs which evidence calls between you and the authors of *Finding Freedom*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

　　　　Meghan incorporates her General Objections as if set forth fully herein. .
Meghan further objects that the term "Royal Family Public Relations Team" is vague
and ambiguous. Meghan further objects that this request assumes facts—namely, that
any such calls occurred. Meghan further objects that this request violates her right to
privacy. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla.
Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call
logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records
and the tenuous connection, at best, they might have to the issues in this lawsuit");
*Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that
discovery requests should be carefully scrutinized when they have the potential for
"harassment, embarrassment, and unnecessary invasions into [one's] private life").
Meghan further objects that this request seeks documents in the exclusive possession,
custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 6:**

　　　　Any and all phone logs which evidence calls between you and the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

　　　　Meghan incorporates her General Objections as if set forth fully herein. .
Meghan further objects that the term "Royal Family Public Relations Team" is vague
and ambiguous. Meghan further objects that this request assumes facts—namely, that
any such calls occurred. Meghan further objects that this request calls for speculation
as to Plaintiff's phone number. Meghan further objects that this request contains no
time-limitation and is therefore unduly burdensome. *See, e.g.*, *Pendlebury v. Starbucks
Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (in denying motion to
compel production of "invoices, statements, or call logs," noting that "[s]he scope of
the Request also is troubling; Defendant has requested records for a span of greater

than four years"). Meghan further objects that this request violates her right to privacy. *See id.* (denying motion to compel production of call logs in light of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life"). Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of third parties.

## REQUEST FOR PRODUCTION NO. 7:

Any and all written communications between you and Knauf that relate to the book *Finding Freedom.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Meghan incorporates her General Objections as if set forth fully herein. . Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court … has

the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all written communications between you and Knauf which name or otherwise refer to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Meghan incorporates her General Objections as if set forth fully herein. . Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue

in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all written communications between you and Knauf which name or refer to Thomas Markle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is

premised on statements pertaining to a third party."). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all written communications between you and Thomas Markle which name or refer to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what

discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, none of the 10 challenged statements at issue in the FAC are based on statements made to Thomas Markle. Meghan further objects that this request contains no time limitation and therefore is unduly burdensome. *See Stern v. O'Quinn*, 253 F.R.D. 663, 671 (S.D. Fla. 2008) ("It is axiomatic that evidence relating to an alleged defamer's knowledge and thought process *at the time of the statements at issue* bears on the issue of actual malice."); *Park v. Cap. Cities Commc'ns, Inc.*, 181 A.D.2d 192, 197 (N.Y. App. Div. 1992) (holding that letter suggesting dispute between parties four years earlier was insufficient to show that defendants with actual malice in allegedly defaming plaintiff).

## REQUEST FOR PRODUCTION NO. 11:

Any documents which relate in any way to bullying allegations and/or reports made against you.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such documents exist. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Meghan further objects that this request seeks information that

is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, while the FAC squarely identifies 10 challenged statements about Plaintiff, the request seeks information having nothing whatsoever to do with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all written communications between you and the authors of *Finding Freedom.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such communications exist. Meghan further objects that this request, by how it defines "You," purports to seeks documents in the exclusive possession, custody, and control of third parties.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all written correspondence between you and Knauf subsequent to November 10, 2021, which relate to, or mention the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such communications exist. Meghan further objects that to the extent Plaintiff is seeking to bolster her

defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, while the FAC squarely identifies 10 challenged statements, the request seeks information having nothing whatsoever to do those statements.

## REQUEST FOR PRODUCTION NO. 14:

Any and all written correspondence between you and Knauf subsequent to November 10, 2021, which relate to, or mention *Finding Freedom* and/or the authors of *Finding Freedom.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such communications exist. Meghan further objects that to the extent Plaintiff is seeking to bolster her

defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters.").

## REQUEST FOR PRODUCTION NO. 15:

Any and all written communications between you and Omid Scobie which relate to, or mention *Finding Freedom* or the Plaintiff.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such communications exist. Meghan further objects that this request is duplicative of RFP No. 12.

## REQUEST FOR PRODUCTION NO. 16:

Any and all written communications between you and Oprah Winfrey and/pr [sic] her representatives, agents, or employees which mentions, or is related to the CBS Primetime Special.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request violates her right to privacy. *See, e.g.*, *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment,

embarrassment, and unnecessary invasions into [one's] private life")Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as the vast majority of any hypothetical communications would have nothing to do with the content of the interview, let alone Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all written communications between you and Oprah Winfrey and/or her representatives, agents, or employees which mentions, or names the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that any such communications exist.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents to support your statement to Oprah Winfrey that the Plaintiff changed her last name to Markle "only when [you] started dating Harry."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for documents in the exclusive possession, custody, and control of Plaintiff—e.g., her voting registration(s), driver's license, passport (if applicable), and name change forms (if any). Meghan further objects that this request—which, on its face, contains no time-limitation—is unduly burdensome. *See Properties of the Villages, Inc. v. Kranz*, 2020 WL 6393834, at *3 (M.D. Fla. Nov. 2, 2020) ("POV asserts that searching for 'any and all' documents that might be relevant over a period of at least 15 years will be burdensome. This point is well taken.").

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents which provides verification, corroboration, indirect or direct evidence that the Defendant was not involved with the book Finding Freedom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is unintelligible inasmuch as it requests documents to prove a negative—namely, that Meghan was "*not* involved with the book *Finding Freedom.*" Meghan further objects that this request necessarily seeks documents in the exclusive possession, custody, and control of third parties—i.e., the authors, editor(s), and publisher of *Finding Freedom*.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents which, in any way, supports your statement that the Plaintiff "began a career creating stories to sell to the press" as stated in your email to Knauf on December 10, 2018.

**RESPONSE TO INTERROGATORY NO. 20:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint

*abandoned* all claims related to any emails between Meghan and Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR PRODUCTION NO. 21:

Any and all documents which, in any way, relates to your statement that the Defendant is "an only child" as stated in your email to Knauf on December 10, 2018.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's

claim or defense ….” Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on “irrelevant” and “overbroad” requests for production). “The complaint controls what discovery is relevant and proportional to this case,” *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to any emails between Meghan and Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that “the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings”) (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) (“The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.”) (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) (“Florida courts have expressly rejected this ‘discovery rule’ in favor of the ‘publication rule.’”) (citing cases).

**REQUEST FOR PRODUCTION NO. 22:**

Your response to Knauf's witness statement in the Appeals Nos. A3/2021/0609 and A3/2021/0943, Case No. IL-2019-0001110.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to any emails between Meghan and Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation

omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR PRODUCTION NO. 23:

A copy of any and all deposition transcripts obtained in Appeals Nos. A3/2021/0609 and A3/2021/0943, Case No. IL-2019-0001110.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes facts—namely, that depositions were taken in the appeals at issue. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be

reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to any emails between Meghan and Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR PRODUCTION NO. 24:**

A copy of the trial transcript for Appeals Nos. A3/2021/0609 and

A3/2021/0943, Case No. IL-2019-0001110.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan

further objects that this request is vague and ambiguous and assumes facts—namely,

that there is a "trial transcript" for a case decided on summary judgment. Meghan

further objects that to the extent Plaintiff is seeking to bolster her defamation claim by

discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing

expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g.,*

*Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL

1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly

speculative and "amounts simply to the request to conduct a fishing expedition"

should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983)

("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to

her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's

waters."). Meghan further objects that this request seeks information that is "not

relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv.

comm. n. To be relevant, a Request for Production must be reasonably connected to a

claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292,

13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel

responses on "irrelevant" and "overbroad" requests for production). "The complaint

controls what discovery is relevant and proportional to this case," *Bortolotti v.*

*Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First

Amended Complaint *abandoned* all claims related to any emails between Meghan and

Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir.

1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River*

*Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR PRODUCTION NO. 25:**

The Instagram post dated July 27, 2013, in which you posted about having lunch with Thomas Markle at Musso & Frank Grill.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th

Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party."). Meghan further objects that this request seeks a document that is no longer accessible following deletion of Meghan's Instagram account.


**REQUEST FOR PRODUCTION NO. 26:**

The witness statement of Knauf filed in the Appeals Nos. A3/2021/0609 and A3/2021/0943, Case No. IL-2019-0001110.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's

claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to any emails between Meghan and Knauf. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents which relates to your attendance at Immaculate Heart High School located at 5515 Franklin Ave., Los Angeles, CA 90028.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the

Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

**REQUEST FOR PRODUCTION NO. 28:**

Any and all written communications between you and the Plaintiff which in any way relates to your first wedding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court … has the authority to confine discovery to the claims and defenses asserted in the pleadings, and … the parties … have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is

well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request—which, on its face, seeks communications that would have occurred over a decade ago—is unduly burdensome and harassing.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents which relate to, or list the attendees of your first wedding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th

Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request—which, on its face, seeks "all documents" related to the every "attendee" of a wedding over a decade ago —is unduly burdensome and harassing, because even by Plaintiff's own logic, the only relevant invitee would be herself. Meghan further objects that this request invades her right to privacy. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests

should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life").

**REQUEST FOR PRODUCTION NO. 30:**

Any and all written communications where you asked and/or requested your friends, family members, and/or co-workers not to participate in the content of the book *Finding Freedom.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case." *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019). Here, while the FAC challenges 10 statements, including seven in the book *Finding Freedom*, this request seeks documents imploring "friends, family members, and/or coworkers *not* to participate" in that very book. Meghan further objects that this request—which, on its face, seeks "all written communications" with a host of "friends, family members, and/or coworkers"— invades her right to privacy. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully scrutinized when they

have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life").

## REQUEST FOR PRODUCTION NO. 31:

Any and all written communications where you asked and/or requested your friends family members, and/or co-workers not to contact the authors of *Finding Freedom.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case." *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019). Here, while the FAC challenges 10 statements, including seven in the book *Finding Freedom*, this request seeks documents imploring "friends, family members, and/or coworkers *not* to contact" the authors of that very book. Meghan further objects that this request—which, on its face, seeks "all written communications" with a host of "friends, family members, and/or coworkers"—invades her right to privacy. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully

scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life").

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents to evidence that you had a Ford Explorer with non-functioning doors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017)

("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

**REQUEST FOR PRODUCTION NO. 33:**

Any and all documents to show the Defendant's in-person and other interactions with the Plaintiff after 1999 (as stated in your initial disclosures).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to what "documents" would "show the Defendant's … other interactions with the Plaintiff." Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n.Meghan further objects that this request seeks documents in the exclusive possession, custody, and control of Plaintiff—i.e., a photo of Meghan at Plaintiff's college graduation in or around 2008.

**REQUEST FOR PRODUCTION NO. 34:**

A copy of all marriage licenses and marriage certificates held by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Production must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 13108-10 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on "irrelevant" and "overbroad" requests for production). "The complaint controls what

discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, while the FAC squarely identifies 10 challenged statements, none of those have anything whatsoever to do with *Meghan's* marriage licenses and certificates. *See, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Meghan further objects that this request violates her right of privacy. *See, e.g., Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (denying motion to compel production of "invoices, statements, or call logs" in view of "Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit"); *Longmire v. Ala. State Univ.*, 141 F.R.D. 414, 418 (M.D. Ala. 1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life").

**REQUEST FOR PRODUCTION NO. 35:**

Any and all written communications between you and Ashleigh Hale which in any way relates to, or mentions your first wedding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g.,*

*Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, communications with Plaintiff's daughter are not one of them, nor is Plaintiff's daughter's attendance at Meghan's first wedding.

## REQUEST FOR PRODUCTION NO. 36:

Any and all written communications which in any way relates to Ashleigh Hale's disinvitation to your first wedding.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, communications with Plaintiff's daughter are not one of them, nor is Plaintiff's daughter's attendance at Meghan's first wedding.

RESPECTFULLY SUBMITTED this 17th day of January 2023.

/s/ Michael J. Kump
Michael J. Kump, Esquire (admitted *pro hac vice*)
Cal Bar No. 100983
Jonathan P. Steinsapir, Esquire (admitted *pro hac vice*)
Cal. Bar No. 226281
Nicholas C. Soltman, Esquire (admitted *pro hac vice*)
Cal. Bar No. 277418
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9884

Ronnie J. Bitman
Florida Bar No.: 0744891
rbitman@bitman-law.com
Bitman O'Brien & Morat, PLLC
615 Crescent Executive Ct., Suite 212
Lake Mary, FL 32746
Telephone: (407) 584-1276

*Attorneys for Responding Party Meghan, The Duchess of Sussex*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail on January 17, 2023.

/s/Michael J. Kump
Michael J. Kump
Cal Bar No. 100983
*Admitted pro hac vice*

## SERVICE LIST

| | |
|---|---|
| **The Ticktin Law Group**<br>Peter Ticktin<br>Jamie Sasson<br>Taylor Young<br>270 SW Natura Ave<br>Deerfield Beach, FL 33441 | *Counsel for Plaintiff*<br>Phone:       (954) 570-6757<br>Email:       pticktin@legalbrains.com<br>jsasson@legalbrains.com<br>tyoung@legalbrains.com |
| **Bitman O'Brien & Morat, PLLC**<br>Ronnie J. Bitman<br>615 Crescent Executive Ct., Suite 212<br>Lake Mary, FL 32746 | *Co-Counsel for Defendant*<br>Phone:       (407) 584-1276<br>Email:       rbitman@bitman-law.com |

810395