EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Samantha Markle,

     Plaintiff,

v.                                Case No. 8:22-CV-511-CEH-TGW

Meghan Markle,

     Defendant.

_____

### RESPONSES AND OBJECTIONS OF DEFENDANT

### MEGHAN, THE DUCHESS OF SUSSEX'S TO

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant Meghan, The Duchess of Sussex ("Meghan"), for and on behalf of herself only, hereby responds and objects to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.     As of the date hereof, Meghan has not yet had a sufficient opportunity to discover or otherwise obtain and review all documents and materials which may have some bearing on this case.  Consequently, these responses are based only upon such information and documents currently available, known to or understood by Meghan. As this action proceeds, Meghan anticipates that further discovery, research and analysis may supply additional facts and additional meaning to the known facts. Meghan reserves her right to use, as evidence in this action, any hereafter-acquired or -discovered documents which would have been responsive to these requests.

2.     Meghan objects to each request on the grounds that there is a pending motion to dismiss the First Amended Complaint ("FAC") (ECF No. 34) and a

pending motion to stay discovery (ECF No. 54). Meghan objects to undertaking the burden of responding to expansive discovery requests in light of the pending motions which could result in the dismissal (or stay) of this action. Accordingly, while Meghan has provided the responses contained herein, she does so without waiver of her motion to stay discovery.

3.     Meghan objects to each request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Meghan will not disclose any such protected information or documents in response to these requests. Any inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege or of any other ground for objection to disclosure of the documents and/or information, or of Meghan's right to object to the use of any such document and/or information during these or any other proceedings.

4.     Meghan's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

5.     Meghan objects to each request to the extent it purports to impose any discovery obligation on her beyond the scope permitted by the Federal Rules of Civil Procedure and Rules of Court.  In the following responses, all Definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

6.     Each of the following responses and objections are based on Meghan's understanding of Plaintiff's First Set of Interrogatories. To the extent Plaintiff asserts an interpretation of any such request that is inconsistent with that of Meghan, Meghan reserves the right to further supplement their objections and responses to these requests.

7.     With respect to any request as to which Meghan has responded, Meghan does not concede the relevance or materiality of the request or the subject matter to

which it relates. These responses are made by Meghan subject to, and without in any way waiving or intending to waive:

a.    Any objections as to competency, materiality, privilege, relevancy, propriety, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

b.    The right to object to other discovery proceedings involving or relating to the same subject matter as the requests; or

c.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

8.    Meghan's responses below are made subject to the foregoing General Objections in paragraphs 1 through 7 above, which are incorporated by reference in each of the responses below, and Meghan specifically reserves the right to reassert those objections by motion or at the time of trial.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please list each and every lawsuit in which you have been a party in the last ten (10) years. For each lawsuit listed, provide the case number, the nature of the lawsuit, whether you were plaintiff or defendant, the name of the court, the city, county, and state in which the court is located. State the outcome of the lawsuit, the name of your lawyer and the other parties' lawyers, indicating which lawyers were representing each of the parties, and provide each lawyer's last known phone numbers, email addresses, addresses.

### RESPONSE TO INTERROGATORY NO. 1:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch

as the lawsuits to which she has been a party as a *plaintiff* do not make it more or less probable that she defamed Plaintiff. *See Palmer v. Board of Regents of University System of Ga.*, 208 F.3d 969, 972–73 (11th Cir. 2000) (holding that trial judge properly excluded evidence of other lawsuits, based upon the fact that the evidence was irrelevant and, to the extent relevant, would confuse the issues, waste time, and unduly prejudice the defendants); *Moses v. State Farm Mut. Auto. Ins. Co.*, 104 F.R.D. 55, 56-57 (N.D. Ga. 1984) (in denying motion to compel responses to interrogatories concerning other no-fault claims made against an insurer, reasoning that "Defendant's conduct regarding the insurance claims of others is of no consequence to this case."). *Accord S. Wine & Spirits of Am., Inc. v. Simpkins*, 2010 WL 11553427, at *1 (S.D. Fla. Nov. 23, 2010) (noting that "numerous courts have held that evidence of other lawsuits is typically only relevant if those lawsuits involve similar claims and can be used to establish a pattern or a habit or routine practice") (citing, e.g., *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990)).

**INTERROGATORY NO. 2:**

Have you ever provided any information to Jason Knauf for him to share with the authors of *Finding Freedom?* If so, list in detail all of the information you provided, and for each element of information you provided, please explain the purpose of providing that information, and also indicate which of that information was true and which was false, and how it was provided, such as by email, verbally, through another person, or otherwise. Provide the details as to the date and recipient of any such emails. If the information given to Jason Knauf was through another person, please provide the name, last known phone numbers, last known email address, of that person. For all such communications, provide the date and time.

**RESPONSE TO INTERROGATORY NO. 2:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request contains at least four "discrete subparts," in violation of Fed. R. Civ. P. 33(a)(1); *see Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (adopting the "related question" test to determine whether the subparts of an interrogatory are discrete, i.e., whether they subparts are "logically or factually subsumed within and necessarily related to the primary question")Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older.

Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**INTERROGATORY NO. 3:**

Did you at any discuss with anyone the idea of them participating or not participating in providing information to the authors of *Finding Freedom* or contact the authors of *Finding Freedom?* If so, please explain when such discussions occurred, where they occurred, who was present, and what was said by whom if it was verbal. If it was in writing, including by text or email or otherwise, provide the date, the means of communication, and all who were directly privy, such as by cc, to the communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request contains at least four "discrete subparts," in violation of Fed. R. Civ. P. 33(a)(1); *see Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (adopting the "related question" test to determine whether the subparts of an interrogatory are discrete, i.e., whether they subparts are "logically or factually subsumed within and necessarily related to the primary question"). Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g.,*

*Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf.

## INTERROGATORY NO. 4:

At any point in time did you live with any of your siblings, half-siblings, or stepsiblings? If so, please list name(s) of the sibling(s), half-sibling(s), or step-sibling(s) with which you lived and the periods of time which you lived together, and the period of time you did not live together.

## RESPONSE TO INTERROGATORY NO. 4:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as whether parties shared a residence before Meghan's living memory does not tend to establish the existence of a familial relationship 35 years later.

## INTERROGATORY NO. 5:

Did your relationship with Samantha Markle become estranged at any point in time? If so, please state when the date in which your relationship became estranged and the reason(s) why the relationship came to be estranged.

**RESPONSE TO INTERROGATORY NO. 5:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to "estranged." Meghan further objects that this request assumes facts—namely, that she ever *had* a "relationship with Samantha Markle." Meghan further objects that this request calls for speculation as to Plaintiff's perception of their supposed "relationship."

**INTERROGATORY NO. 6:**

Please list each and every written communication sent by you that pertains to the book *Finding Freedom.* For each communication, please list: the date of the communication; the method of communication (email, text, etc.); the full name of the person to whom the communication is addressed; and the contents of the communication.

**RESPONSE TO INTERROGATORY NO. 6:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf.

**INTERROGATORY NO. 7:**

Other than your email to Mr. Knauf, did you ever contact the authors (or request that someone else contact the authors of *Finding Freedom)* to provide other information for *Finding Freedom?* If so, please state the: date of the communication; the method of the communication (email, text, calls, etc.); and the contents of the communication.

**RESPONSE TO INTERROGATORY NO. 7:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, the request seeks information about *other* communications with unknown individuals besides Jason Knauf.

**INTERROGATORY NO. 8:**

Did you discuss talking points with Oprah Winfrey, or agents/representatives/agents of Ms. Winfrey ahead of your CBS Primetime Special? If so, please explain in detail each and every communication that you had with Oprah

Winfrey or any member of her staff to whom any and all references or mentions were made of Samantha Markle.

**RESPONSE TO INTERROGATORY NO. 8:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies three challenged statements made in the Oprah interview, the request seeks information about communications with Oprah Winfrey that were *not* "published" on that television special.


**INTERROGATORY NO. 9:**

Please state whether or not you have ever spoken out in defense of the Plaintiff after seeing the public scrutiny/hatred she has received from your fans. If you have, please explain in detail all efforts you made to defend or help Samantha Markle. If not, please explain the reason(s) why you have not defended/supported your half-sister.


**RESPONSE TO INTERROGATORY NO. 9:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to the "hatred" Plaintiff is referring to. Meghan further objects that this request assumes facts—

namely, that Plaintiff *has* been attacked by her "fans." Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as Meghan was under no legal duty to make a public statement in "support" of Plaintiff. *Cf. Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1167–68 (C.D. Cal. 2010) ("The estoppel by silence argument fails because Monex was under no duty to speak.") (citing *People v. Ocean Shore R.R., Inc.*, 32 Cal. 2d 406, 421–22 (1948) ("An estoppel may arise from silence, but only where there is a duty to speak, and where the party upon whom such duty rests has an opportunity to speak and, knowing that the circumstances require him to speak, remains silent.")). To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC does not even allege that Meghan had a "duty to speak."

## INTERROGATORY NO. 10:

Please explain why you failed to produce your emails to Mr. Knauf in the British Court Proceeding, Appeals Nos. A3/2021/0609 and A3/2021/0943, Case No. IL-2019-0001110.

## RESPONSE TO INTERROGATORY NO. 10:

Meghan incorporates her General Objections as if set forth fully hereinMeghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as any acts or omissions are protected by Florida's litigation privilege, under which "absolute immunity must be afforded to any act occurring during the course of a

judicial proceeding ... so long as the act has some relation to the proceeding."
*Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla.
2007) (internal citation omitted); *see Pelletier v. Estes Groves, Inc.*, 2018 WL 4208328, at
*6 (S.D. Fla. Mar. 28, 2018) ("At the outset, the Court concludes that Florida's
litigation privilege applies as to any allegedly false statements and omissions made in
the course of the foreclosure proceeding.") (footnote omitted); *Hansen Beverage Co. v.
Consol. Distributors, Inc.*, 2012 WL 12902917, at *4 (M.D. Fla. June 28, 2012) ("The
filing of a motion in court and an attorney's representations to the court clearly fall
within the privilege."); *Dawley v. NF Energy Corp. of Am.*, 2010 WL 11626868, at *10
n.12 (M.D. Fla. Dec. 29, 2010), *aff'd*, 492 F. App'x 77 (11th Cir. 2012) ("Based on the
rationale behind the litigation privilege – that participants should be free to use their
best judgment in defending a lawsuit – it logically follows that the privilege is
applicable to alleged omissions that occur during trial."); *Las Vegas Sands Corp. v. First
Cagayan Leisure & Resort Corp.*, 2016 WL 4134523, at *2 (D. Nev. Aug. 2, 2016)
(applying litigation privilege to omissions deemed as communicative acts); *cf. also
Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1308, (11th Cir.
2003) ("Concealment does not constitute spoliation because such conduct is covered
by the litigation privilege."). Meghan further objects that this request necessarily calls
for the disclosure of attorney-client communications with her counsel in the
proceeding at issue, and for her counsel's strategy, in violation of the work product
doctrine.

**INTERROGATORY NO. 11:**

Have you ever requested that any member of the Royal Family Public Relations
Team write stories about the Plaintiff or initiate negative press about the Plaintiff? If
so, please list: the date of the request, the content of the request, to whom the request
was addressed, whether you received any confirmation of receipt of such a request,

and state whether the request was verbal or in writing of any form, indicating exactly
what form, such as a text or an email.

**RESPONSE TO INTERROGATORY NO. 11:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan
further objects that the term "Royal Family Public Relations Team" is vague and
ambiguous. Meghan further objects that to the extent Plaintiff is seeking to bolster her
defamation claim by discovering evidence "of some unknown wrongdoing," this is an
unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S.
519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and
Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for
discovery which is wholly speculative and "amounts simply to the request to conduct a
fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684
(S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid
legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in
Defendant's waters."). Here, while the FAC squarely identifies 10 challenged
statements, the request seeks information about other unknown communications with
the "Royal Family Public Relations Team" as they might bear on unknown "negative
press about the Plaintiff."


**INTERROGATORY NO. 12:**

In your Motion to Dismiss [D.E. 23] you indicated: "I asked my father to
intervene with the Plaintiff." Please state: (a) what you actually said to your father in
this regard, (b) the date when this request was made, (c) the method of the request
(email, text, telephone, etc.), (d) the content of this request, and (e) provide (a) – (d) for
any other communications between you and Thomas Markle which stemmed from
any and all of such Requests.

**RESPONSE TO INTERROGATORY NO. 12:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request attributes a non-existent quotation to Meghan. Neither Meghan's motion to dismiss the original Complaint (ECF No. 15) nor her motion to dismiss the FAC (ECF No. 34) contain the quoted phrase. Rather, the motions quote a version of it from *Finding Freedom*. (*See, e.g.*, ECF No. 34 at 25 ["'More than once Meghan asked her father to intervene with [Plaintiff] ....' (*RJN Ex. 1 p. 177*.)"], emphasis added.) The motion then explains that "Meghan did not make [the] statement" and that it was "[n]ot traceable to supposed 'information' provided by Meghan." (*Ibid.*)

**INTERROGATORY NO. 13:**

Did Mr. Knauf ever brief you or contacting [sic] you following his meeting with the authors of *Finding Freedom* to discuss what happened? If so, please describe in detail what was discussed between you and Mr. Knauf in that regard, when it was discussed, and where. If it was not verbal, please provide the dates, the means of the communication, and what was said or written.

**RESPONSE TO INTERROGATORY NO. 13:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC *abandoned* all claims related to Jason Knauf's communications

with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**INTERROGATORY NO. 14:**

In Jason Knauf's email to you regarding his upcoming interview with the authors of *Finding Freedom* (Omid and Carolyn), he stated: "Please see attached the areas Omid and Carolyn have asked to discuss with me. My advice is that we do not ask your friends to directly engage with them. I think it is important that we can say hand on heart they had no access, just in case it goes into any difficult territory." You

replied "Very helpful – thank you! Shows we've been on exactly the same page which is good!" What was your understanding of what was meant by "difficult territory?" Why did you want to keep the communication with the authors of *Finding Freedom* covert? Please explain in detail.

## RESPONSE TO INTERROGATORY NO. 14:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request contains at least two "discrete subparts," in violation of Fed. R. Civ. P. 33(a)(1); *see Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (adopting the "related question" test to determine whether the subparts of an interrogatory are discrete, i.e., whether they subparts are "logically or factually subsumed within and necessarily related to the primary question"). Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's

16

communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**INTERROGATORY NO. 15:**

Were you aware that the Plaintiff was forced to seek and obtain an "Injunction for Protection Against Stalking" in Polk County, Florida, against one of your fans? If so, please state whether you ever reached out to the Plaintiff upon discovering this Injunction.

**RESPONSE TO INTERROGATORY NO. 15:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request assumes numerous facts—namely, that Plaintiff was "forced" to seek an injunction; that such an injunction was granted and then renewed; that the purported "stalker" was a "fan"; that any alleged stalking was in any related to the purported stalker's status as such; and that Meghan was aware of Plaintiff's pseudonymous Florida state court proceedings. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as Meghan was under

no legal duty to "reach out" to Plaintiff. *Cf. Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1167–68 (C.D. Cal. 2010) ("The estoppel by silence argument fails because Monex was under no duty to speak.") (citing *People v. Ocean Shore R.R., Inc.*, 32 Cal. 2d 406, 421–22 (1948) ("An estoppel may arise from silence, but only where there is a duty to speak, and where the party upon whom such duty rests has an opportunity to speak and, knowing that the circumstances require him to speak, remains silent.")). Moreover, to be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC does not even allege that Meghan had a duty to "reach out."

**INTERROGATORY NO. 16:**

If so, please explain the reason(s) why you believe the Plaintiff only changed her name back to Samantha Markle when you started dating Prince Harry.

**RESPONSE TO INTERROGATORY NO. 16:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to whether it need only be answered if Meghan answered Interrogatory No. 15 in the affirmative. Meghan further objects that this request assumes facts—namely, that Plaintiff formally "changed her name" when Meghan started dating Prince Harry. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as it seeks Meghan's belief *now*, rather than the beliefs she *expressed* in the 10 challenged statements at issue in the FAC.

**INTERROGATORY NO. 17:**

In your email with Jason Knauf, you state "all of these facts can be validated by anyone who has known Meghan since childhood or afterwards." Please list the full name, last known address, last known phone numbers and last known email address of each and every person you believe may validate the information you provided to Mr. Knauf.

**RESPONSE TO INTERROGATORY NO. 17:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1

(M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**INTERROGATORY NO. 18:**

Please list the full name, last known phone numbers, last known addresses and last known email addresses of each and every person who witnessed the events and/or has knowledge relevant to the allegations in the Plaintiff's Amended Complaint. With respect to each individual identified, describe in detail the nature and substance of the knowledge or information such individual possesses.

**RESPONSE TO INTERROGATORY NO. 18:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request contains a theoretically infinite number of "discrete subparts," in violation of Fed. R. Civ. P. 33(a)(1); *see Oliver v. City of Orlando*, 2007 WL 3232227 (M.D. Fla. Oct. 31, 2007) (adopting the "related question" test to determine whether the subparts of an interrogatory are discrete, i.e., whether they subparts are "logically or factually subsumed within and necessarily related to the primary question"). Meghan further objects that this request is vague and ambiguous as to what "events" Plaintiff is referring to. Meghan further objects that this request calls for a legal conclusion—namely, what knowledge is (and is not) "relevant to the

allegations in the Plaintiff's Amended Complaint." Meghan further objects that this request—which, on its face, covers almost 40 years—is unduly burdensome. *See Megdal Assocs., LLC v. La-Z-Boy, Inc.*, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) ("As for the interrogatory at issue here, which seeks the factual and legal bases for all allegations in Plaintiff's Complaint, the Court finds that it is an improper use of that discovery tool. It is not tailored to any specific claim or allegation in the Amended Complaint. Read literally, Interrogatory No. 4 sweeps in not only material facts, but incidental details, secondary accounts, trivial tidbits—even facts supporting allegations that Defendant has admitted.") (citation omitted); *Lucero v. Valdez*, 240 F. R. D. 591, 594 (D. N. M. 2007) (deriding "blockbuster" interrogatories as "an abuse of the discovery process because they are overly broad and unduly burdensome"); *see also* 8B Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2167 (2015) (noting that contention interrogatories are "unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case").

**INTERROGATORY NO. 19:**

Please list and briefly describe the Plaintiff's "in-person and other interactions with Meghan after 1999" as stated in your initial disclosures.

**RESPONSE TO INTERROGATORY NO. 19:**

Meghan incorporates her General Objections as if set forth fully herein.

**INTERROGATORY NO. 20:**

Explain how you lack any involvement in the writing and editing of *Finding Freedom* given your email communications with Mr. Knauf ahead of his meeting with the authors of *Finding Freedom?* Please describe each and every document which you believe supports the proposition in your Initial Disclosures that you had "a lack of involvement in the writing and editing of *Finding Freedom*."

**RESPONSE TO INTERROGATORY NO. 20:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for speculation about documents in the possession, custody, and control of third parties—namely, the authors, editor(s), and publisher of *Finding Freedom*. Meghan further objects that this request—which, on its face, seeks "each and every document" supporting her contentions—is unduly burdensome. *See Megdal Assocs., LLC v. La-Z-Boy, Inc.*, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) ("As for the interrogatory at issue here, which seeks the factual and legal bases for all allegations in Plaintiff's Complaint, the Court finds that it is an improper use of that discovery tool. It is not tailored to any specific claim or allegation in the Amended Complaint. Read literally, Interrogatory No. 4 sweeps in not only material facts, but incidental details, secondary accounts, trivial tidbits—even facts supporting allegations that Defendant has admitted.") (citation omitted); *Lucero v. Valdez*, 240 F. R. D. 591, 594 (D. N. M. 2007) (deriding "blockbuster" interrogatories as "an abuse of the discovery process because they are overly broad and unduly burdensome"); *see also* 8B Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2167 (2015) (noting that contention interrogatories are "unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case"). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*,

629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**INTERROGATORY NO. 21:**

Did you invite Ashleigh Hale to your first wedding? Did you disinvite Ashleigh Hale to your first wedding? If you did disinvite Ashleigh Hale to your first wedding, please state: (a) the date when Ms. Hale was disinvited, (b) who disinvited Ashleigh Hale, (c) the method of disinviting Ashleigh Hale (i.e., phone call, text message, email, etc.), and (d) explain the reason and/or reasons why Ashleigh Hale was disinvited to your first wedding.

**RESPONSE TO INTERROGATORY NO. 21:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, statements about Plaintiff's daughter are not one of them.

**INTERROGATORY NO. 22:**

Please list the full name of each and every relative invited to attend your first wedding. For each individual listed, please also provide the date that he/she was invited to your first wedding and whether or not he/she attended your first wedding.

**RESPONSE TO INTERROGATORY NO. 22:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, an interrogatory must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1312-13 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant interrogatories). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC *abandoned* all claims related to Jason Knauf's communications with the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). Meghan further objects that any claims relating to Meghan's communications with Knauf, who last worked for the Sussexes in March 2019, are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted);

*Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that this request—which, on its face, seeks not just every invitee to a wedding over a decade ago, but the *dates* they were invited and whether or not they attended—is unduly burdensome and harassing, because even by Plaintiff's own logic, the only relevant invitee would be herself.

## INTERROGATORY NO. 23:

List all of the people who you invited from your family and friends to attend your wedding to your husband, Harry, and which of those people attended.

## RESPONSE TO INTERROGATORY NO. 23:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that to the extent Plaintiff is seeking to bolster her defamation claim by discovering evidence "of some unknown wrongdoing," this is an unwarranted "fishing expedition[ ]." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009); *see, e.g., Homes Design Servies, Inc., v. Banyan Construction and Development, Inc.*, 2007 WL 1752435 at *4 (M.D. Fla. 2007) (finding that a request for discovery which is wholly speculative and "amounts simply to the request to conduct a fishing expedition" should be denied); *Owens v. Am. Cyanamid Co.*, 1983 WL 506684 (S.D. Ga. 1983) ("Plaintiff is entitled to discovery sufficient enough to support valid legal theories to her case, [but] she is not entitled to use Rule 26 as a fishing trawler in Defendant's waters."). Here, while the FAC squarely identifies 10 challenged statements, none of them relate to the invitees to her and Prince Harry's wedding. Meghan further objects

that this request—which, on its face, seeks not just every invitee to her wedding, but whether or not they attended—is unduly burdensome and harassing, because even by Plaintiff's own logic, the only relevant invitee would be herself.

RESPECTFULLY SUBMITTED this 17th day of January 2023.

/s/ Michael J. Kump
Michael J. Kump, Esquire (admitted *pro hac vice*)
Cal Bar No. 100983
Jonathan P. Steinsapir, Esquire (admitted *pro hac vice*)
Cal. Bar No. 226281
Nicholas C. Soltman, Esquire (admitted *pro hac vice*)
Cal. Bar No. 277418
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9884

Ronnie J. Bitman
Florida Bar No.: 0744891
rbitman@bitman-law.com
Bitman O'Brien & Morat, PLLC
615 Crescent Executive Ct., Suite 212
Lake Mary, FL 32746
Telephone: (407) 584-1276

*Attorneys for Responding Party Meghan, The Duchess of Sussex*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail on January 17, 2023.

  /s/Michael J. Kump
Michael J. Kump
Cal Bar No. 100983
*Admitted pro hac vice*

## SERVICE LIST

| | |
|---|---|
| **The Ticktin Law Group**<br>Peter Ticktin<br>Jamie Sasson<br>Taylor Young<br>270 SW Natura Ave<br>Deerfield Beach, FL 33441 | *Counsel for Plaintiff*<br>Phone:        (954) 570-6757<br>Email:        pticktin@legalbrains.com<br>jsasson@legalbrains.com<br>tyoung@legalbrains.com |
| **Bitman O'Brien & Morat, PLLC**<br>Ronnie J. Bitman<br>615 Crescent Executive Ct., Suite 212<br>Lake Mary, FL 32746 | *Co-Counsel for Defendant*<br>Phone:        (407) 584-1276<br>Email:        rbitman@bitman-law.com |

810347