EXHIBIT "C"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Samantha Markle,

      *Plaintiff,*

v.                                Case No. 8:22-CV-511-CEH-TGW

Meghan Markle,

      *Defendant.*

_____

**RESPONSES AND OBJECTIONS OF DEFENDANT**

**MEGHAN, THE DUCHESS OF SUSSEX'S TO**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

      Pursuant to Fed. R. Civ. P. 36, Defendant Meghan, The Duchess of Sussex ("Meghan"), for and on behalf of herself only, hereby responds and objects to Plaintiff's First Set of Requests For Admission as follows:

**GENERAL OBJECTIONS**

      1.     As of the date hereof, Meghan has not yet had a sufficient opportunity to discover or otherwise obtain and review all documents and materials which may have some bearing on this case.  Consequently, these responses are based only upon such information and documents currently available, known to or understood by Meghan. As this action proceeds, Meghan anticipates that further discovery, research and analysis may supply additional facts and additional meaning to the known facts. Meghan reserves her right to use, as evidence in this action, any hereafter-acquired or -discovered documents which would have been responsive to these requests.

      2.     Meghan objects to each request on the grounds that there is a pending motion to dismiss the First Amended Complaint ("FAC") (ECF No. 34) and

a pending motion to stay discovery (ECF No. 54). Meghan objects to undertaking the burden of responding to expansive discovery requests in light of the pending motions which could result in the dismissal (or stay) of this action. Accordingly, while Meghan has provided the responses contained herein, she does so without waiver of her motion to stay discovery.

3.      Meghan objects to each request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or doctrine. Meghan will not disclose any such protected information or documents in response to these requests. Any inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege or of any other ground for objection to disclosure of the documents and/or information, or of Meghan's right to object to the use of any such document and/or information during these or any other proceedings.

4.      Meghan's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses.

5.      Meghan objects to each request to the extent it purports to impose any discovery obligation on her beyond the scope permitted by the Federal Rules of Civil Procedure and Rules of Court.  In the following responses, all Definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those obligations.

6.      Each of the following responses and objections are based on Meghan's understanding of Plaintiff's Requests for Admission. To the extent Plaintiff asserts an interpretation of any such request that is inconsistent with that of Meghan, Meghan reserves the right to further supplement their objections and responses to these requests.

7.      With respect to any request as to which Meghan has responded, Meghan does not concede the relevance or materiality of the request or the subject matter to

which it relates. These responses are made by Meghan subject to, and without in any way waiving or intending to waive:

        a.     Any objections as to competency, materiality, privilege, relevancy, propriety, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

        b.     The right to object to other discovery proceedings involving or relating to the same subject matter as the requests; or

        c.     The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

        8.     Meghan's responses below are made subject to the foregoing General Objections in paragraphs 1 through 7 above, which are incorporated by reference in each of the responses below, and Meghan specifically reserves the right to reassert those objections by motion or at the time of trial.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

You are not an only child.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law. Meghan further objects that this request is vague and ambiguous, inasmuch as it does not distinguish between biological relations, on the one hand, and the manner in which a child was raised, on the other.

3

**REQUEST FOR ADMISSION NO. 2:**

You have a half-sister named Samantha M. Markle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law. Meghan further objects that this request is vague and ambiguous, inasmuch as it does not distinguish between a biological relationship, on the one hand, and a familial relationship, on the other. Meghan further objects that this request assumes facts—namely, that Plaintiff's official legal name is "Samantha M. Markle."

**REQUEST FOR ADMISSION NO. 3:**

You have a half-brother named Thomas Markle, Jr.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law. Meghan further objects that this request is vague and ambiguous, inasmuch as it does not distinguish between a biological relationship, on the one hand, and a familial relationship, on the other.

**REQUEST FOR ADMISSION NO. 4:**

Your sister, Samantha Markle has driven you to school on a regular basis at a certain period of your life.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law, and whether Plaintiff ever drove Meghan to school does not bear on whether she grew up as an "only child." Meghan further objects that this request assumes facts—namely, that Plaintiff's formal legal name is "Samantha Markle." Meghan further objects that this request misstates the biological relationship between the parties, inasmuch as Plaintiff is a half-sister. Meghan further objects that this request is vague and ambiguous as to the frequency of the rides and the "period of [her] life."

**REQUEST FOR ADMISSION NO. 5:**

You and your half sister, Samantha Markle have gone on shopping trips to a mall which was local to you.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as a statement that she grew up or did not grow up as an "only child" cannot be defamatory as a matter of law, and whether Plaintiff ever went to the mall with Meghan does not bear on whether she grew up as an "only child." Meghan further objects that this request assumes facts—namely, that Plaintiff's formal legal name is "Samantha Markle." Meghan further objects that this request is vague and ambiguous as to the frequency of the shopping trips and when they occurred.

**REQUEST FOR ADMISSION NO. 6:**

You sent an email to Jason Knauf with the subject line Re: Omid and Carolyn Book, a copy of which is attached, hereto and marked as Exhibit "A."

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory

number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 7:

The copy of the email attached hereto and marked as Exhibit "A" is a true copy of the email you sent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court … has the authority to confine discovery to the claims and defenses asserted in the pleadings, and … the parties … have no entitlement to discovery to develop new claims or defenses that are not already

identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 8:**

You sent an email to Jason Knauf in which you stated "for when you sit down with them it may be helpful to have some background reminders, so I've included them below just in case."

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant

requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 9:**

You sent an email to Jason Knauf in which you stated under the section entitled Family; relationship with family and father (past and present): "media pressure crumbled him [Thomas Markle] and he began doing press deals brokered by his daughter Samantha."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g., Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons*

*Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 10:**

You sent an email to Jason Knauf in which you stated under the section entitled Family; M's relationship with half-siblings (date/timing): "Meghan saw them a handful of times when she was under the age of 5, and again when she was 11 years old. She didn't see her half sister again until her father asked her to attend Samantha's graduation in New Mexico when Meghan was 22 years old."

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related

to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 11:

The statement "Meghan saw them a handful of times when she was under the age of 5, and again when she was 11 years old. She didn't see her half sister again until her father asked her to attend Samantha's graduation in New Mexico when Meghan was 22 years old" is false.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson,*

*Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that even if the FAC did base any claims on the time-barred Knauf email, "requests for admissions as to central facts in dispute are beyond the proper scope of the rule" and have "consistently been held improper." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969); *see also Palacio v. Citimortgage, Inc.*, 2013 WL 1092833, at *1 (S.D. Fla. Mar. 14, 2013) (requests for admission are improper if they "seek to elicit admissions regarding issues that are at the crux of the dispute").

**REQUEST FOR ADMISSION NO. 12:**

You sent an email to Jason Knauf in which you stated under the section entitled Family; M's relationship with half-siblings (date/timing): "Upon Meghan dating Harry, Samantha changed her last name back to Markle, and began a career creating stories to sell to the press."

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related

to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 13:

You know that Samantha changed her name back prior to you dating Harry.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that "requests for admissions as to central facts in dispute are beyond

the proper scope of the rule" and have "consistently been held improper." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969); *see also Palacio v. Citimortgage, Inc.*, 2013 WL 1092833, at *1 (S.D. Fla. Mar. 14, 2013) (requests for admission are improper if they "seek to elicit admissions regarding issues that are at the crux of the dispute").

## REQUEST FOR ADMISSION NO. 14:

You sent an email to Jason Knauf in which you stated under the section entitled Family; M's relationship with half-siblings (date/timing): "Meghan has never had a relationship with either of them; she was always referred to as an only child by both of her parents and all of her friends through her entire upbringing because the half siblings were not in the picture."

## RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no

entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 15:**

The statement: "Meghan has never had a relationship with either of them; she was always referred to as an only child by both of her parents and all of her friends through her entire upbringing because the half siblings were not in the picture" is false.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th

Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom*. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases). Meghan further objects that even if the FAC did base any claims on the time-barred Knauf email, "requests for admissions as to central facts in dispute are beyond the proper scope of

the rule" and have "consistently been held improper." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969); *see also Palacio v. Citimortgage, Inc.*, 2013 WL 1092833, at *1 (S.D. Fla. Mar. 14, 2013) (requests for admission are improper if they "seek to elicit admissions regarding issues that are at the crux of the dispute").

**REQUEST FOR ADMISSION NO. 16:**

There are more photographs of you and Mrs. Markle than the one you showed the press, and you personally possess more photographs of your half-sister, Samantha.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is compound. Meghan further objects that this request assumes facts—namely, that Meghan ever "showed the press" *any* photographs of herself with Plaintiff. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and here, the alleged statement at issue— "A trusted confidant shared … 'If there were more [photographs of Plaintiff and Meghan together], [Plaintiff] would have sold them'" (ECF 35-1 [RJN Ex. 1] p. 174; *see* FAC ¶ 24)—on its face refers to additional photographs in *Plaintiff*'s possession, not Meghan's.

**REQUEST FOR ADMISSION NO. 17:**

Your husband, Prince Harry, emailed Jason Knauf and stated: "I totally agree that we have to be able to say we didn't have anything to do with it" and that "equally, you giving the right context and background to them would help get some truths out there."

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's

objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 18:

You gave Jason Knauf, via email, several "background reminders" for his meeting with the authors of *Finding Freedom.*

## RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to

the claims and defenses asserted in the pleadings, and ... the parties ... have no
entitlement to discovery to develop new claims or defenses that are not already
identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note
(2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D.
Cal. 2001) (denying motion to compel responses to RFAs when the requests related
only to abandoned claims in a superseded complaint). Meghan further objects that any
claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons
Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's
objection is well taken in part. The FLSA has a maximum statute of limitations
limiting claims past three years old or older. Thus, the time frame for Interrogatory
number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014
WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat.
§ 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson,
Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993)
(statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL
13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this
'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 19:

You stated in your "Primetime Special" interview with Oprah Winfrey on CBS
that Mrs. Markle "she [Samantha Markle] changed her last name back to Markle, and
I think she's an early fifties at the time only when I started dating Harry."

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Meghan incorporates her General Objections as if set forth fully herein. Meghan
further objects that this request calls for speculation as to the precise verbiage of a
broadcast interview that is no longer publicly available.

**REQUEST FOR ADMISSION NO. 20:**

Samantha Markle was born with the name of Yvonne Marie Markle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for speculation as to Plaintiff's formal legal birth name. Meghan further objects that this request violates the best evidence rule. *See United States v. Rivera-Carrizosa*, 35 F.3d 573 (9th Cir. 1994) (unpublished) (where it was "undisputed that the [defendant's] birth certificate was never introduced into evidence … [t]he agent's testimony [about the contents] violated the 'best evidence' rule, Fed. R. Evid. 1002, which states that '[t]o prove the content of a writing ... the original writing ... is required, except as otherwise provided in these rules or by Act of Congress.'").

**REQUEST FOR ADMISSION NO. 21:**

You stated in a British court proceeding that neither you, nor your husband, had anything to do with the content of *Finding Freedom*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to both the "court proceeding" and the alleged statement. Meghan further objects that this request violates the best evidence rule. *See, e.g.*, *United States v. Fernandez-Roque*, 703 F.2d 808, 813 (5th Cir. 1983) (holding that trial court did not err in excluding testimony concerning what witness said during prior proceeding; "Roque did not proffer the 'best evidence' of Resende's testimony—the official court transcript. …"). Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as any

alleged statements in a prior court proceeding are subject to "absolute immunity" under Florida law. *See Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So.2d 606, 608 (Fla. 1994) (holding that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding").

**REQUEST FOR ADMISSION NO. 22:**

You did participate in providing some of the content relating to Samantha Markle to the authors of *Finding Freedom.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to both the term "participate" and the alleged "content" at issue. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as only actually *publishing* allegedly defamatory material satisfies the "publication" requirement as a matter of Florida law. *See, e.g., Johnson v. Darnell*, 781 Fed. Appx. 961, 964 (11th Cir. 2019) (holding that to plead "a valid claim for defamation under Florida law," the plaintiff "need[ed] to allege that *the defendants themselves* were responsible for publishing the [allegedly] defamatory material—here the Most Wanted list—not that something they did indirectly led to the publication of that material"); *Klayman v. City Pages*, 2015 WL 1546173, at *10 (M.D. Fla. Apr. 3, 2015) (holding that a source could not be liable for the allegedly defamatory statements in the article—even though he had emailed a copy of his own blog post to the author of the article—because source did not himself publish or author the article); *Brodsky v. Buchanan*, 217 So. 2d 338, 339 (Fla. 3d CA 1969) (affirming summary judgment for defendant, "a police inspector [in]

the City of Miami," who had "forwarded the name of [plaintiff] to the office of the
Sheriff of Dade County, Florida three months prior to the alleged libelous publication"
but was "not shown to have had any control over the use, if any, the Sheriff's office
made of this information or any control, directly or indirectly, over whether or not the
Sheriff's office published anything concerning the same.").

**REQUEST FOR ADMISSION NO. 23:**

You told the British court "In the light of the information and documents that
Mr. Knauf has provided, I accept that Mr. Knauf did provide some information to the
authors for the book [*Finding Freedom]* and that he did so with my knowledge, for a
meeting that he planned for with the authors in his capacity as Communications
Secretary. The extent of the information he shared is unknown to me."

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan
further objects that this request violates the best evidence rule. *See, e.g.*, *United States v.
Fernandez-Roque*, 703 F.2d 808, 813 (5th Cir. 1983) (holding that trial court did not err
in excluding testimony concerning what witness said during prior proceeding; "Roque
did not proffer the 'best evidence' of Resende's testimony—the official court transcript.
…"). Meghan further objects that this request seeks information that is "not relevant to
any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n.,
inasmuch as any alleged statements in a prior court proceeding are subject to "absolute
immunity" under Florida law. *See Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell,
P.A. v. United States Fire Insurance Co.*, 639 So.2d 606, 608 (Fla. 1994) (holding that
"absolute immunity must be afforded to any act occurring during the course of a
judicial proceeding, regardless of whether the act involves a defamatory statement or
other tortious behavior ... so long as the act has some relation to the proceeding").
Moreover, to be relevant, a Request for Admission must be reasonably connected to a

claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the email from Jason Knauf to the authors of *Finding Freedom. See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g., Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 24:**

You stated in your "Primetime Special" interview with Oprah Winfrey on CBS that, since the day of the interview, you last saw Mrs. Markle "at least 18, 19 years ago and before that, 10 years before that."

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for speculation as to the precise verbiage of a broadcast interview that is no longer publicly available. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as the infrequency of in-person interactions is not a "fact" capable of being defamatory. *See generally Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (noting that a statement is only "'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party"). Moreover, a statement can be "substantially true" even if it is not "perfectly accurate." *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 706–07 (Fla. 3d DCA 1999); *see, e.g., Jeter v. McKeithen*, 2014 WL 4996247 at *3 (N.D. Fla. Oct. 7, 2014) ("[R]egardless of whether K.J. was alleged by the police to have bullied 'dozens' of victims ["i.e., 24 or more"] or 'at least one' victim, the statement communicates the same 'gist' to the audience.").

**REQUEST FOR ADMISSION NO. 25:**

The statement you made in the interview with Oprah Winfrey on CBS that you had not seen Samantha Markle since "at least 18, 19 years ago and before that, 10 years before that" was not true.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for speculation as to the precise verbiage of a broadcast interview that is no longer publicly available. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as the infrequency of in-person interactions is not a "fact" capable of being defamatory. *See generally Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (noting that a statement is only "'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party"). Moreover, a statement can be "substantially true" even if it is not "perfectly accurate." *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 706–07 (Fla. 3d DCA 1999); *see, e.g., Jeter v. McKeithen*, 2014 WL 4996247 at *3 (N.D. Fla. Oct. 7, 2014) ("[R]egardless of whether K.J. was alleged by the police to have bullied 'dozens' of victims ["i.e., 24 or more"] or 'at least one' victim, the statement communicates the same 'gist' to the audience."). Meghan further objects that "requests for admissions as to central facts in dispute are beyond the proper scope of the rule" and have "consistently been held improper." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969); *see also Palacio v. Citimortgage, Inc.*, 2013 WL 1092833, at *1 (S.D. Fla. Mar. 14, 2013) (requests for admission are improper if they "seek to elicit admissions regarding issues that are at the crux of the dispute").

**REQUEST FOR ADMISSION NO. 26:**

You had a conversation with Mr. Knauf following his meeting with the authors of *Finding Freedom,* in which Mr. Knauf briefed you as to what he discussed with the authors of *Finding Freedom.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Meghan incorporates her General Objections as if set forth fully herein.
Meghan further objects that this request is compound. Meghan further objects that this
request seeks information that is "not relevant to any party's claim or defense …."
Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for
Admission must be reasonably connected to a claim or issue in the case. *Josendis v.
Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming
district court's denial of motion to compel responses on irrelevant requests for
admission). "The complaint controls what discovery is relevant and proportional to
this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019),
and Plaintiff's First Amended Complaint *abandoned* all claims related to
communications between Jason Knauf and the authors of *Finding Freedom. See Fritz v.
Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended
complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701
F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine
discovery to the claims and defenses asserted in the pleadings, and ... the parties ...
have no entitlement to discovery to develop new claims or defenses that are not
already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's
note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501
(N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests
related only to abandoned claims in a superseded complaint). Meghan further objects
that any claims relating to Knauf's December 2018 meeting with the authors of *Finding
Freedom* are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL
6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in
part. The FLSA has a maximum statute of limitations limiting claims past three years
old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation
omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla.

Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 27:**

You invited Samantha Markle to your first wedding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as not being invited to a wedding is not a "fact" capable of being defamatory. *See generally Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (noting that a statement is only "'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party").

**REQUEST FOR ADMISSION NO. 28:**

You have lived in the same residence as Samantha Markle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague as to timeframe. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as whether parties

shared a residence before Meghan's living memory does not tend to establish the existence of a familial relationship 35 years later.

**REQUEST FOR ADMISSION NO. 29:**

You were never forced at the age of thirteen (13) to work in low-paying jobs to make ends meet.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court … has the authority to confine discovery to the claims and defenses asserted in the pleadings, and … the parties … have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Moreover, even if such statements were

at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

## REQUEST FOR ADMISSION NO. 30:

Queen Elizabeth was not a racist.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint does not refer to any statements, by anyone, about Queen Elizabeth. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)); *Mod., Inc. v. State of Fla., Dep't of Transp.*, 2005 WL 1676809, at *3 (M.D. Fla. July 18, 2005) ("As the matters sought to be admitted are not 'relevant to the claim or defense of any party' (F.R.C.P., Rule 26(b)(1)), they

are not the proper subjects of a request to admit, which pertains only to 'any matters within the scope of Rule 26(b)(1).'").

**REQUEST FOR ADMISSION NO. 31:**

King Charles is not a racist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint does not refer to any statements, by anyone, about then-Prince Charles. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)); *Mod., Inc. v. State of Fla., Dep't of Transp.*, 2005 WL 1676809, at *3 (M.D. Fla. July 18, 2005) ("As the matters sought to be admitted are not 'relevant to the claim or defense of any party' (F.R.C.P., Rule 26(b)(1)), they are not the proper subjects of a request to admit, which pertains only to 'any matters within the scope of Rule 26(b)(1).'").

**REQUEST FOR ADMISSION NO. 32:**

When attending auditions, you drove a Ford Explorer with functioning doors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Meghan incorporates her General Objections as if set forth fully herein.
Meghan further objects that this request seeks information that is "not relevant to any
party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To
be relevant, a Request for Admission must be reasonably connected to a claim or issue
in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th
Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant
requests for admission). "The complaint controls what discovery is relevant and
proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla.
Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad
inadmissible and irrelevant tabloid articles about Meghan's childhood that she had
attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676
F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original
complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012)
(noting that "the court ... has the authority to confine discovery to the claims and
defenses asserted in the pleadings, and ... the parties ... have no entitlement to
discovery to develop new claims or defenses that are not already identified in the
pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000
Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal.
2001) (denying motion to compel responses to RFAs when the requests related only to
abandoned claims in a superseded complaint). Moreover, even if such statements were
at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party
(namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D.
Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs

themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

**REQUEST FOR ADMISSION NO. 33:**

You attended a private catholic day school, Immaculate Heart High School.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g., Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party

(namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

**REQUEST FOR ADMISSION NO. 34:**

On July 27, 2013, you posted on Instagram that you had lunch at a fine dining restaurant, Musso & Frank Grill with your father after every tap and ballet class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request calls for speculation about long ago-removed social media posts. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense ...." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *omitted* the myriad inadmissible and irrelevant tabloid articles about Meghan's childhood that she had attached to the original Complaint. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note

(2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Moreover, even if such statements were at issue, Plaintiff lacks standing to assert a defamation claim on behalf of a third-party (namely, her father). *See Wallis v. Cueto L. Grp., P.L.*, 2017 WL 7796083, at *1 (S.D. Fla. May 25, 2017) ("These statements do not pertain to the named Plaintiffs themselves; therefore, the Court is apprehensive that Plaintiffs have standing to assert a defamation claim that is premised on statements pertaining to a third party.").

## REQUEST FOR ADMISSION NO. 35:

You did not publicly defend or support Mrs. Markle after she received negative press.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request is vague and ambiguous as to which "negative press" Plaintiff is referring to. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as Meghan was under no legal duty to make a public statement in "support" of Plaintiff. *Cf. Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1167–68 (C.D. Cal. 2010) ("The estoppel by silence argument fails because Monex was under no duty to speak.") (citing *People v. Ocean Shore R.R., Inc.*, 32 Cal. 2d 406, 421–22 (1948) ("An estoppel may arise from silence, but only where there is a duty to speak, and where the party upon whom such duty rests has an opportunity to speak and, knowing that the circumstances require him to speak, remains silent.")). Moreover, to be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence*

*Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and the FAC does not even allege that Meghan had a "duty to speak."

**REQUEST FOR ADMISSION NO. 36:**

In the email dated December 10, 2018, you stated that the Plaintiff "had lost custody of all three of her children from different fathers."

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the Jason Knauf email. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses

to RFAs when the requests related only to abandoned claims in a superseded complaint). Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

## REQUEST FOR ADMISSION NO. 37:

Mrs. Markle never lost custody of her three children.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n. To be relevant, a Request for Admission must be reasonably connected to a claim or issue in the case. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1310-12 (11th Cir. 2011) (affirming district court's denial of motion to compel responses on irrelevant requests for admission). "The complaint controls what discovery is relevant and proportional to this case," *Bortolotti v. Gracepoint*, 2019 WL 6173173, at *2 (M.D. Fla. Nov. 20, 2019), and Plaintiff's First Amended Complaint *abandoned* all claims related to the Jason Knauf email. *See Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356,

1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) (noting that "the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ... the parties ... have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quoting Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment)). *See, e.g.*, *Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) (denying motion to compel responses to RFAs when the requests related only to abandoned claims in a superseded complaint). Moreover, neither the FAC nor the Oprah Interview nor the book *Finding Freedom* refers to Plaintiff's custody (or lack thereof) of her children. Meghan further objects that any claims relating to the Knauf email are facially time-barred. *See Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655, at *1 (M.D. Fla. Dec. 5, 2012) ("The Defendant's objection is well taken in part. The FLSA has a maximum statute of limitations limiting claims past three years old or older. Thus, the time frame for Interrogatory number 8 is overbroad.") (citation omitted); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 12616919, at *2 (M.D. Fla. Jan. 21, 2014) (same). *See generally* Fla. Stat. § 95.11(4)(g) (two-year statute of limitations for defamation); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 113–15 (Fla. 1993) (statute begins to run at the time of publication); *Carroll v. TheStreet.com, Inc.*, 2012 WL 13134547, at *5 (S.D. Fla. May 25, 2012) ("Florida courts have expressly rejected this 'discovery rule' in favor of the 'publication rule.'") (citing cases).

**REQUEST FOR ADMISSION NO. 38:**

You called the Plaintiff from the show of "Deal or No Deal" in Buenos Aires.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Meghan incorporates her General Objections as if set forth fully herein. Meghan further objects that this request seeks information that is "not relevant to any party's claim or defense …." Fed. R. Civ. P. 26, 2015 amendment adv. comm. n., inasmuch as whether or not Meghan once called Plaintiff 15 years ago does not bear on whether Meghan has or had a relationship with Plaintiff. Meghan further objects that this request assumes facts—namely, that the show "Deal or No Deal" filmed in Buenos Aires, Argentina.

RESPECTFULLY SUBMITTED this 17th day of January 2023.

/s/ Michael J. Kump
Michael J. Kump, Esquire (admitted *pro hac vice*)
Cal Bar No. 100983
Jonathan P. Steinsapir, Esquire (admitted *pro hac vice*)
Cal. Bar No. 226281
Nicholas C. Soltman, Esquire (admitted *pro hac vice*)
Cal. Bar No. 277418
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9884
Ronnie J. Bitman
Florida Bar No.: 0744891
rbitman@bitman-law.com
Bitman O'Brien & Morat, PLLC
615 Crescent Executive Ct., Suite 212
Lake Mary, FL 32746
Telephone: (407) 584-1276

*Attorneys for Responding Party Meghan, The Duchess of Sussex*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail on January 17, 2023.

/s/Michael J. Kump
Michael J. Kump
Cal Bar No. 100983
*Admitted pro hac vice*

## SERVICE LIST

| | |
|---|---|
| **The Ticktin Law Group**<br>Peter Ticktin<br>Jamie Sasson<br>Taylor Young<br>270 SW Natura Ave<br>Deerfield Beach, FL 33441 | *Counsel for Plaintiff*<br>Phone:      (954) 570-6757<br>Email:      pticktin@legalbrains.com<br>             jsasson@legalbrains.com<br>             tyoung@legalbrains.com |
| **Bitman O'Brien & Morat, PLLC**<br>Ronnie J. Bitman<br>615 Crescent Executive Ct., Suite 212<br>Lake Mary, FL 32746 | *Co-Counsel for Defendant*<br>Phone:      (407) 584-1276<br>Email:      rbitman@bitman-law.com |

809971