UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA M. MARKLE,

    Plaintiff,

v.     Case No: 8:22-cv-511-CEH-TGW

MEGHAN MARKLE,

    Defendant.

_____

## ORDER

This cause comes before the Court upon the Motion to Stay Discovery, filed by Defendant Meghan Markle, (Doc. 54). Upon careful consideration, the Court will deny the motion.

## DISCUSSION

In this action, Samantha Markle sues Meghan Markle for defamation and injurious falsehood. Doc. 31 ¶¶43–72. Defendant Markle has moved to dismiss the First Amended Complaint. Doc. 34. She now asks the Court to stay discovery pending resolution of her Motion to Dismiss. Doc. 54. In support, Defendant Markle argues that the requested stay of discovery is reasonable because the Motion to Dismiss is likely to be successful, and an order granting it would entirely dispose of the case. *Id.* at 2–3. She also contends that, if the First Amended Complaint were dismissed, any further amendment would be futile, and that Plaintiff Markle would not be prejudiced by a stay of discovery. *Id.* at 3. Plaintiff Markle opposes the request for a stay, arguing

that the Defendant is merely seeking to delay the case, and that prompt discovery is required to address the factual issues raised in the motion to dismiss. Doc. 55 at 2–4.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[1] However, "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-BJD-JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Jolly*, 2021 WL 1822758, at *1.

Here, Defendant Markle does not show that unusual circumstances justify the requested stay, or that prejudice or an undue burden will result if the Court does not impose a stay. Although a preliminary peek at the Motion to Dismiss suggests that some of the claims against her may be ripe for dismissal, the review does not reveal, at this time, a clear indication that the Court will dismiss the action in its entirety. Thus, Defendant Markle does not satisfy the high standard required to stay discovery pending the resolution of a dispositive motion. Having balanced the harm produced

3

by a delay in discovery against the possibility that the Court will grant the Motion to Dismiss, the Court will deny the Motion to Stay Discovery.

Accordingly, it is **ORDERED** that Defendant Markle's Motion to Stay Discovery (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties