# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle,<br><br>    Plaintiff,<br><br>vs.<br><br>Meghan Markle,<br><br>    Defendant. | Case No. 8:22-cv-00511-CEH-TGW |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL "COORDINATION OF DEPOSITIONS" (ECF NO. 59)

I.    **INTRODUCTION**

As explained below, Plaintiff's motion to compel "coordination of depositions" (ECF No. 59) should be denied because it is moot.

This Action arises out of 10 allegedly defamatory statements about Plaintiff Samantha Markle, seven of which were contained in the 2020 book *Finding Freedom* written by two independent authors, and three of which were made by Defendant Meghan Markle, The Duchess of Sussex ("Meghan"), during a March 2021 interview with Oprah Winfrey. Meghan has moved to dismiss the First Amended Complaint ("FAC") in its entirety. While that motion is pending, Plaintiff moved to compel Meghan to "coordinate deposition dates" for six deponents: (1) Meghan, (2) Prince Harry, Meghan's husband, (3) Ashleigh Hale, Plaintiff's daughter, (4) Thomas Markle, Plaintiff and Meghan's father, (5) Jason Knauf, former Kensington Palace Communications Secretary, and (6) Christopher Bouzy, founder of the Twitter analytics firm Bot Sentinel.

Most of the proposed non-party deponents have nothing to do with the statements at issue in the FAC, and a number of them are not represented by counsel in this action. Regardless, Plaintiff's motion should be denied because after it was filed, the Court granted the parties' joint request to extend pre-trial deadlines and denied Meghan's motion to stay discovery, whereupon Meghan's counsel promptly reached out to Plaintiff's counsel to schedule a further meet and confer call to discuss depositions and deposition scheduling. In other words, Plaintiff's motion to compel counsel to discuss deposition scheduling is already moot.

## II.     PROCEDURAL POSTURE

In March 2022, Plaintiff filed her original complaint identifying 17 separate allegedly defamatory statements. (ECF No. 1.) Rather than oppose the motion to dismiss, Plaintiff filed the FAC (ECF No. 31), which abandoned roughly half of her case. In June 2022, Meghan moved to dismiss Plaintiff's FAC in its entirety. (ECF No. 34.)

On September 30, 2022, Meghan moved to stay discovery pending the outcome of her motion to dismiss. (ECF No. 54.) On January 3, 2023, Plaintiff's counsel contacted Meghan's counsel in connection with the scheduling of party and non-party depositions in February and March 2023. (Kump Decl. ¶ 2.) Because Meghan's aforementioned motions were still pending, the parties agreed to move jointly to modify the scheduling order, so that they were not forced to conduct discovery before the resolution of the motion to dismiss. (ECF No. 56.)

On February 1, 2023, the Court set Meghan's motion to dismiss for hearing. (ECF No. 57.) On February 3, 2023, the parties met and conferred about Meghan's discovery responses. (Kump Decl. ¶ 3.) Shortly thereafter, Plaintiff filed two motions to compel. (ECF Nos. 59, 60.)

Four days later, the Court granted the parties' joint request to amend the scheduling order, which extended the discovery deadline to July 3, 2023 (ECF No. 61), and denied Meghan's motion to stay discovery (ECF No. 62). On February 10, the Court denied Plaintiff's second motion to compel without prejudice. (ECF No. 63.)

On February 13, Meghan's counsel emailed Plaintiff's counsel to request a further telephone conference in order to continue the meet and confer process regarding discovery matters, including discussing depositions and deposition scheduling. The parties' counsel scheduled a meet and confer call for February 16 at 3:30 p.m. EST, but on the morning of the call, Plaintiff's office cancelled the call because one of its attorneys had an "emergency appointment." (Kump Decl. ¶ 4.) It is anticipated that the meet and confer call will be rescheduled for a later date.

On February 15, the Court held oral argument on Meghan's motion to dismiss and took the matter under submission. (ECF No. 62 [minute order].)

### III. ARGUMENT

Plaintiff's remaining motion to compel (ECF No. 59) should be denied as moot. The relief it requests—namely, that "Defendant's counsel" be "order[ed] … to coordinate deposition dates with the undersigned" (ECF No. 59 at 4)—is underway. *See, e.g.*, *Triton Renovation, Inc. v. Empire Indem. Ins. Co.*, 2021 WL 2291363, at *1 (M.D. Fla. June 4, 2021) ("[T]he motion to compel expert depositions is also denied as moot because the parties have resolved that issue by agreement."); *Roca Labs, Inc. v. Consumer Opinion Corp.*, 2015 WL 12844307, at *2 (M.D. Fla. May 29, 2015) ("As … the parties have agreed on deposition dates, times, and locations, the motion to compel as to Plaintiff's request to schedule the depositions … [at issue] is denied as moot."); *Rice v. Brand Imports, L.L.C.*, 2010 WL 11549760, at *4 (N.D. Ga. Apr. 26, 2010) ("However, in a recently filed joint motion for extension of discovery, the parties state that the depositions of defendants … have now been scheduled by

agreement for the week of May 24, 2010. Accordingly, the Court denies as moot plaintiff's motions to compel these depositions on April 27-29.").

Specifically, after the Court extended the discovery deadline to July 3, 2023 and denied Meghan's motion to stay discovery, her counsel promptly scheduled a further meet and confer call with Plaintiff's counsel to discuss depositions and deposition scheduling, which call would have already occurred but for an apparently unexpected "emergency appointment" for one of Plaintiff's counsel. (Kump Decl. ¶ 4.) It is anticipated there will be further communications between counsel to discuss and coordinate depositions and deposition scheduling.

## IV.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that Plaintiff's motion to compel the "coordination of depositions" (ECF No. 59) should be denied as moot.

RESPECTFULLY SUBMITTED this 17th day of February, 2023

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

*/s/ Michael J. Kump*

**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Crescent Executive Ct., Ste. 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")