# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Samantha M. Markle,<br><br>    Plaintiff,<br><br>vs.<br><br>Meghan Markle,<br><br>    Defendant. | Case No. 8:22-cv-00511-CEH-TGW |

## JOINT UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 16 and 6, and Middle District Local Rules 3.01(a) and 3.08, Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex ("Meghan"), hereby jointly request a 180-day extension of all remaining deadlines set forth in this Court's Amended Case Management and Scheduling Order (ECF No. 61). The parties state as follows:

1. This is a diversity action. *See* 28 U.S.C. § 1332.

2. On June 3, 2022, Plaintiff filed her First Amended Complaint ("FAC"). (ECF No. 31.)

3. On June 17, 2022, Meghan moved to dismiss the FAC in its entirety. (ECF Nos. 34, 35.) On July 8, 2022, Plaintiff filed her opposition. (ECF No. 41.) On July 25, 2022, Meghan filed her reply in support of her motion to dismiss. (ECF No. 48.)

4. On August 3, 2022, this Court issued a Case Management and Scheduling Order. (ECF No. 49.)

5. On January 9, 2023, the parties filed a Joint Unopposed Motion to Modify the Scheduling Order. (ECF No. 56.)

6. On February 7, 2023, the Court granted the Joint Unopposed Motion to Modify the Scheduling Order and filed the Amended Case Management and Scheduling Order. (ECF No. 61).

7. On February 15, 2023, the Court held oral argument in connection with the Motion to Dismiss the FAC. (ECF Nos. 64, 65.)

8. On March 30, 2023, the Court granted the Motion to Dismiss the FAC. (ECF No. 70.)

9. On April 13, 2023, Plaintiff filed her Third Amended Complaint ("TAC"). (ECF No. 72.)

10. On April 27, 2023, Meghan moved to dismiss the TAC in its entirety. (ECF Nos. 74, 75.)

11. On April 28, 2023, the mediator informed counsel for the parties that the scheduled June 23, 2023 mediation will need to be rescheduled because of the mediator's trial schedule and other calendar conflicts.

12. A case management order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *accord* Fed. R. Civ. P. 6(b)(1).

13. In light of the pending motion to dismiss, which might moot discovery, the parties jointly and respectfully request at this time that all remaining deadlines in this case be extended by approximately 180 days.

14. Because the parties are jointly requesting this extension, they have necessarily conferred in good faith and have agreed to the relief requested herein. *See generally* L.R. 3.01(g). The parties file this Joint Motion in good faith and not for purposes of delay. Neither party will be prejudiced by the relief sought in this Motion. Indeed, the parties expect that a continuance of the pretrial deadlines and trial date would moot discovery disputes that are otherwise likely to arise, including motions for protective orders in connection with Plaintiff's contemplated depositions.

15. The undersigned counsel hereby certify that their respective clients consent to the continuance. L.R. 3.08(b).

## MEMORANDUM OF LAW

Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Modification of pre-trial orders is generally permitted when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) (quoting *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)). A party seeking to modify a scheduling order must demonstrate "good cause," *Utilities Mktg. Grp., LLC v. Warrick*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016), the "primary measure" of which "is the movant's diligence in attempting to meet the Order's requirements." *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 11507711, at *1 (M.D. Fla. June 18, 2010). Good cause exists where the schedule cannot be "met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing advisory committee's note to Fed. R. Civ. P. 16).

Factors to be considered in evaluating good faith include the promptness displayed by the movants in seeking an extension, and whether there is any bad faith or dilatory motive on the part of the movant or prejudice to any party. *See Utilities Mktg. Grp., LLC*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016) (court found good cause to allow plaintiffs to amend their pleadings beyond the deadline in the scheduling order, based on their due diligence, and defendants' failure to show

undue delay, bad faith or prejudice); *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 700 (S.D. Fla. 2012) (defendants demonstrated good cause to allow its filing of an amended pleading beyond the court ordered deadline, where it did not delay in seeking, and demonstrated no bad faith or dilatory motive, and plaintiff failed to demonstrate any prejudice).

Courts have granted motions for the extension of deadlines and continuances of trial dates where good cause has been shown, recognizing that such extension will allow the parties to complete discovery and prepare for trial, as well as facilitate their ability to attempt to resolve matters amicably through a good faith mediation process. *Bassler v. George Weston Bakeries Distribution Inc.*, 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009).

### **Good Cause Exists for the Requested Modification of Scheduling Order**

The parties have demonstrated good cause. Specifically, the parties agree that the pending motion to dismiss may moot the need for discovery at all (if granted), and/or frame the issues relevant to any such proceeding (if denied in part). The parties have been diligent in attempting to meet the requirements of the Court's Amended Case Management and Scheduling Order (ECF No. 61), including by filing this motion before the expiration of any of the existing deadlines, propounding (and responding to) written discovery, and requesting (and producing) documents. The parties file this Joint Motion in good faith and not for purposes of delay, but rather, to ensure that they have the benefit of the Court's ruling(s) on the pending motion. Neither party will be prejudiced by the relief sought in this Motion.

In addition, the mediator has advised counsel that the scheduled June 23, 2023 mediation needs to be moved because she now has a jury trial at that time and other conflicts in the month of July. Therefore, separate and apart from the grounds for good cause set forth above, the parties have good cause to modify the mediation completion deadline. The parties request that the mediation deadline be extended to approximately 30 days before the Final Pretrial Conference (the same timing as in the initial Scheduling Order).

Accordingly, the parties respectfully submit that an extension of approximately 180 days of the deadlines set forth in the Court's Amended Order dated February 7, 2023, including resetting the discovery deadline to January 8, 2024, and the beginning of the trial term to July 8, 2024, is warranted and in the best interest of the parties and this Honorable Court.

WHEREFORE, Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex, jointly request that the Court enter an order extending, by approximately 180 days, all remaining deadlines set forth in the Court's Amended Case Management and Scheduling Order (ECF No. 61), as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Disclosure of Expert Reports | | |
| Plaintiff: | May 5, 2023 | Nov. 3, 2023 |
| Defendant: | May 5, 2023 | Nov. 3, 2023 |
| Rebuttal: | June 5, 2023 | Dec. 4, 2023 |
| Discovery Deadline | July 3, 2023 | Jan. 8, 2024 |
| Dispositive Motions, *Daubert*, and *Markman* Motions | Aug. 4, 2023 | Feb. 2, 2024 |

| | | |
|---|---|---|
| *Meeting In Person* to Prepare Joint Final Pretrial Statement | Nov. 3, 2023 | May 3, 2024 |
| *Joint Final Pretrial Statement,* (including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version may be e-mailed to the Chambers mailbox] *Voir Dire* Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | Nov. 14, 2023 | May 11, 2024 |
| All Other Motions Including Motions *In Limine* | Nov. 21, 2023 | May 24, 2024 |
| Final Pretrial Conference<br>Date:<br>Time:<br>Judge: | Dec. 12, 2023<br>2:15 pm<br>Charlene Edwards Honeywell Crtrm. 13A | June 11, 2024<br>2:15 pm<br>Charlene Edwards Honeywell Crtrm. 13A |
| Trial Briefs and Deposition Designations | Dec. 5, 2023 | June 5, 2024 |
| Trial Term Begins | Jan. 2, 2024 | July 8, 2024 |
| Estimated Length of Trial | 5 days | 5 days |
| Jury/Non-Jury | Jury | Jury |
| Mediation<br>Deadline:<br>Mediator:<br>Address:<br>Telephone: | <br>June 23, 2023<br>Mary Ruth Houston, Esq.<br>Shutt & Bowen LLP, 300 S. Orange Ave., Ste. 1600, Orlando, FL 32801<br>407-423-3200 | <br>May 10, 2024<br>Same<br><br><br> |
| Designated Lead Counsel    Attorney Name:<br>Pursuant to Local Rule 1.01(d)(9)<br>Lead Counsel Telephone Number | Taylor E. Young<br><br>954-570-6757 | Ryan Fojo<br><br>954-570-6757 |

RESPECTFULLY SUBMITTED this 9th day of May, 2023

THE TICKTIN LAW GROUP

/s/ Peter Ticktin
_____
**Peter Ticktin** (Fla. Bar No. 887935)
pticktin@legalbrains.com
**Jamie Sasson** (Fla. Bar No. 10802)
jsasson@legalbrains.com
**Taylor Young** (Fla. Bar No. 1031760)
tyoung@legalbrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: 954.570.6757


KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

_____
**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
* *Pro hac vice*


BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Executive Ct., Suite 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

## **LOCAL RULE 3.01(g) CERTIFICATION**

      Counsel for Plaintiff and Defendant have conferred regarding this motion and Plaintiff and Defendant jointly seek the modification of the deadlines in the Amended Case Management and Scheduling Order and a continuance of the trial date as set forth in the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 9th day of May, 2023.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Executive Ct., Suite 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

825636