# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Samantha M. Markle,

    Plaintiff,

vs.

Meghan Markle,

    Defendant.

Case No. 8:22-cv-00511-CEH-TGW

## *UNOPPOSED* MOTION BY PLAINTIFF AND DEFENDANT

## TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to Middle District Local Rules 3.01(a) and 4.03(d), Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex ("Meghan"), by and through their respective counsel of record, hereby each request that the Court modify its Case Management and Scheduling Order (Doc. 49) to permit mediation by videoconference. In support of this unopposed Motion, the parties state as follows:

1. This is a diversity action. *See* 28 U.S.C. § 1332.

2. On April 13, 2023, Plaintiff filed her Third Amended Complaint. (Doc. 72.) On April 27, 2023, Meghan filed her Motion to Dismiss Plaintiff's Third Amended Complaint, which remains pending. (Doc. 74.)

4. On August 3, 2022, this Court issued a Case Management and Scheduling Order, setting forth various pretrial deadlines for this case, along with the trial date. (Doc. 49.) Of particular relevance here, the Scheduling Order provides, "Each attorney acting as lead trial counsel, and each party … with full authority to settle, **shall** attend and participate in the mediation conference in person. … In the event of pandemics, such as the coronavirus, where in-person appearances cannot be accomplished due to the need to socially distance, attorneys and parties may attend the mediation conference via videoconference or telephone." (*Id.* ¶ IV.E.3.)

5. The parties' counsel have met and conferred with each other and with the mediator, Mary Ruth Houston, Esq., regarding the mediation, and have agreed to conduct the mediation via videoconference (Zoom) on December 18, 2023.

6.     In light of the parties and their respective counsel and representatives' locations around the country, the parties each respectfully request that the Court permit them to attend the mediation conference via videoconference.

7.     Because both parties are requesting this relief, they have necessarily conferred in good faith and have agreed to the relief requested herein. *See generally* L.R. 3.01(g). Neither party will be prejudiced by the relief sought in this Motion.

## MEMORANDUM OF LAW

District courts have "broad discretion over the management of pre-trial activities." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). That includes modification of the mediation requirement. *See, e.g.*, *Washington v. Rivera*, 2020 WL 506727, at *1 (S.D. Ga. Jan. 30, 2020) (noting that the court had "granted [a party's] request to participate electronically rather than in person because of the time and expense of travel from [his] current residence in California"); *Wurzinger v. St. Johns Shippin Co., Inc.*, 2012 WL 12863119, at *2 (S.D. Fla. Dec. 7, 2012) ("The Court sees no reason why a successful mediation cannot be conducted electronically, as long as it is done by video conference . . . to assess the appearance and demeanor of" the opposing party).

Here, the parties respectfully submit there is a "compelling basis for allowing an exception to the Court's requirement that mediation conferences be conducted personally, rather than telephonically or remotely." *Collazo v. United States*, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015). In particular, Plaintiff asserts that she suffers from multiple sclerosis (*see, e.g.*, Doc. 72 ¶ 20); Plaintiff's lead counsel resides

primarily in the Northeast; Defendant, her lead counsel, and her representatives reside in California; and the mediator has advised the parties' counsel she prefers mediation via videoconference.

WHEREFORE, Plaintiff Samantha Markle and Defendant Meghan, The Duchess of Sussex, by and through their respective counsel of record, hereby each request that the Court enter an Order modifying Paragraph IV.E.3 of the Case Management and Scheduling Order (Doc. 49) to permit mediation by videoconference.

RESPECTFULLY SUBMITTED this 31st day of May, 2023

THE TICKTIN LAW GROUP

/s/ Peter Ticktin
_____
**Peter Ticktin** (Fla. Bar No. 887935)
pticktin@legalbrains.com
**Jamie Sasson** (Fla. Bar No. 10802)
jsasson@legalbrains.com
**Ryan Fojo** (Fla. Bar No. 1035588)
tyoung@legalbrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: 954.570.6757


KINSELLA WEITZMAN ISER KUMP HOLLEY LLP

_____
**Michael J. Kump** (Cal. Bar No. 100983)*
mkump@kwikhlaw.com
**Jonathan Steinsapir** (Cal. Bar No. 226281)*
jsteinsapir@kwikhlaw.com
**Nicholas C. Soltman** (Cal. Bar No. 277418)*
nsoltman@kwikhlaw.com
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: 310.566.9800
* *Pro hac vice*

BITMAN O'BRIEN & MORAT PLLC
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Crescent Executive Ct., Ste. 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiff and Defendant have conferred regarding this Motion, and Plaintiff and Defendant each seek the requested modification of the Case Management and Scheduling Order (Doc. 49).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 31st day of May, 2023.

BITMAN O'BRIEN & MORAT PLLC

/s/ Ronnie Bitman, Esq.
**Ronnie Bitman** (Fla. Bar No. 744891)
rbitman@bitman-law.com
615 Crescent Executive Ct., Ste. 212
Lake Mary, FL 32746-2168
Telephone: 407.815.3115

Attorneys for Defendant Meghan, The Duchess of Sussex (sued as "Meghan Markle")

828063