IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:22-cv-00511-CEH-TGW

SAMANTHA M. MARKLE,

    Plaintiff,

v.

MEGHAN MARKLE,

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED AMENDED MOTION
FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, SAMANTHA MARKEL (hereinafter referred to as "SAMANTHA"), by and through her undersigned counsel, herby files her Unopposed Motion for Leave to File a Sur-reply to Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and in Favor of the Plaintiff's Third Amended Complaint.

The Plaintiff pursuant to Local Rule 3.01 (c) and (d) now requests this Court grant her leave to file a Sur-reply to the Defendant's Reply to the Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss the Plaintiff's Third Amended Complaint. There are matters raised in the Defendant's pleadings that require a rebuttal. The Plaintiff is requesting a Sur-reply of no more than Six (6) pages to be filed within five (5) days which is through Monday, June 5, 2023 of the granting of this motion.

"A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists. . . [a]dditionally,. . . the district court can authorize the filing of a surreply only to rebut matters raised in an opposing pleadings." *First Specialty Ins. Corp. v. 633 Partners, Ltd.,* 300 Fed. Appx. 777, 788 (11th Cir. 2008.)

The Defendant in their Reply misconstrues the facts and mischaracterized the correct application of the law of the Eleventh Circuit and in doing so used "fanciful" language to describe the Plaintiff's real and actionable arguments against the Defendant's defamatory speech.  The Defendant also called into question the validity of evidence which is not as represented.  Finally, the Plaintiff will clarify how her characterization of malice was not conflated and that the defenses raised by the Defendant's fail to meet the legal standard of the Eleventh Circuit.

WHEREFORE, the Plaintiff, SAMANTHA MARKLE, seeks leave from this Court to file a Sur-reply to the Defendant's Reply for the reasons stated above and for any other relief this Court deems necessary.

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that I conferred with counsel for the Defendant as to the filing of a Sur-reply when conferring as the Defendant filing a Reply, and counsel mutually agreed that each was appropriate and would not be opposed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties registered to receive service via CM/ECF this **31st day of May, 2023**.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757


_/s/ *Peter Ticktin* __
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
RYAN FOJO, ESQUIRE
Florida Bar No. 1035588